OTTO F. JOHNSON'S CASE.

Suffolk. March 3, 1914. — April 3, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Workmen's Compensation Act.*

</div>

Where a man seventy-two years of age had been employed continuously for more than twenty years as a lead grinder and, fourteen years before a certain day, had suffered from lead poisoning but apparently had recovered and had had no recurrence of the disease until that day, which was eight months after the workmen's compensation act took effect, and then became ill from the poison

stored up in his system manifesting itself and was totally incapacitated for work, and where the Industrial Accident Board, in addition to these facts, found that there had been "an absorption of lead poisoning since July 1, 1912, and that the date when the accumulated effects of this poisoning manifested itself, and [the employee] became sick and unable to work, was the date of the injury," the employee is entitled to compensation under the act as having suffered when the act was in force "a personal injury arising out of and in the course of his employment."

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board.

The case was heard by *Crosby*, J., who, upon the findings of the Industrial Accident Board, which are stated in the opinion, made a decree that the injury arose out of and in the course of the employment of the employee after July 1, 1912, and that the insurer should pay to such employee a weekly compensation of $5.50 from March 27, 1913, to continue during his incapacity for work, but not to exceed a period longer than five hundred weeks from the date of the injury. The insurer appealed.

· *H. S. Avery,* for the insurer.

*W. F. Merritt,* for the employee.

CROSBY, J. This case arises under the workmen's compensation act, St. 1911, c. 751, as amended by St. 1912, c. 571.

The Industrial Accident Board has found that the employee, since March 13, 1913, has been totally incapacitated from labor because of his physical condition, due to the results of lead poisoning or plumbism, and that this is an injury which arose out of and in the course of his employment. The employee was seventy-two years of age, and was employed as a lead grinder continuously for a period of more than twenty years before the date given above, March 13, 1913. The board further found that he had suffered from lead poisoning fourteen years before, but apparently had recovered and had had no recurrence of the disease until he became ill and was totally incapacitated from work on or about March 13, 1913.

It further appears from the report of the board that he had been "for twenty years absorbing lead poisoning during his occupation, which had been stored up in his system, and which absorption continued for eight months after the act went into

effect, when, elimination failing, the poison stored up manifested itself in the personal injury and the incapacity which resulted therefrom."

The decision of the board upon all questions of fact being final if there is any evidence to support them, the question is whether the evidence authorizes the findings. *Pigeon's Case*, 216 Mass. 51.

The main inquiries raised by the appeal are: (1) Has the employee suffered a personal injury within the meaning of the act? (2) If so, what was the date of the injury? (3) If the date of the injury was subsequent to July 1, 1912, did it arise out of and in the course of his employment?

1. Under the act, "personal injury" is not limited to injuries caused by external violence, physical force, or as the result of accident in the sense in which that word is commonly used and understood, but under the statute is to be given a much broader and more liberal meaning, and includes any bodily injury. In this respect the English workmen's compensation act differs from ours, because that act applies only to "personal injury by accident;" yet since the passage of that act its scope has been much enlarged by including certain industrial diseases; Third Schedule, St. 6 Edw. VII. c. 58; although under the English act it has been held in many cases that the words "personal injury by accident" are not limited to injuries caused by violence, but include disease incurred by accident.

Aside from the decisions under the English act which provides for compensation for "personal injuries by accident," it is clear that "personal injury" under our act includes any injury or disease which arises out of and in the course of the employment, which causes incapacity for work and thereby impairs the ability of the employee for earning wages. The case of *H. P. Hood & Sons* v. *Maryland Casualty Co.* 206 Mass. 223, is decisive of the case at bar. In that case it was held that for a person to become infected with glanders was to suffer a bodily injury by accident.

This question recently has been considered fully in *Hurle's Case*, ante, 223, which decided that an employee having suffered an injury which resulted in total blindness caused by absorbing poison in the course of his employment, which incapacitated him from labor, had suffered a "personal injury" within the

meaning of the act.   See also *Brintons, Ltd.*, v. *Turvey*, [1905] A. C. 230.

2. In view of the finding of the board that Johnson had suffered from lead poisoning fourteen years before and had had no recurrence of the disease until he became incapacitated for work on or about March 13, 1913, and the further finding that there had been "an absorption of lead poisoning since July 1, 1912, and that the date when the accumulated effects of this poisoning manifested itself, and Johnson became sick and unable to work, was the date of the injury," we are of opinion that the board were warranted in finding that the injury was received when he became sick and unable to perform labor.   Until then he had received no "personal injury," although doubtless the previous absorption of lead into his system since July 1, 1912, finally produced the conditions which terminated in the injury.   *Sheeran* v. *F. & J. Clayton & Co., Ltd.*, 3 B. W. C. C. 583.   *Yates* v. *South Kirby, Featherstone, & Hemsworth Collieries, Ltd.*, 3 B. W. C. C. 418. *Ismay, Imrie & Co.* v. *Williamson*, 1 B. W. C. C. 232.   *Brintons, Ltd.*, v. *Turvey*, [1905] A. C. 230. . *Martin* v. *Manchester Corp.* 5 B. W. C. C. 259.   *Alloa Coal Co., Ltd.*, v. *Drylie*, 6 B. W. C. C. 398.

3. As the physical incapacity of the employee for work has been found by the board to have been caused by the gradual absorption of poison into his system subsequent to July 1, 1912, resulting in personal injury on or about March 13, 1913, there seems to be no reasonable conclusion other than that such injury arose out of and in the course of his employment.   *Hurle's Case, ante*, 223, and cases cited.

*Decree affirmed.*