### John J. O'Donnell's (dependent's) Case.

Suffolk. November 17, 1920. — January 7, 1921.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Pierce, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

At the hearing of a claim by the widow of a plumber for compensation under the workmen's compensation act, the evidence tended to show that the claimant's husband had been employed as a plumber for twenty-seven years before his death, the last five months by the subscriber, that his family physician for the few years preceding his death had treated him "for what he [the physician] supposed was lead poisoning," that, during his employment by the subscriber, he was handling lead pipe and his handkerchiefs and napkins would be colored red with red lead. There also was testimony of experts that "the cause of death was sclerosis of the coronary arteries, and it was undoubtedly caused by lead poisoning," and that lead poisoning was progressive and probably was due to the constant assimilation of the lead during the years he had been exposed to it. A single member of the Industrial Accident Board, to whom the claim was assigned for hearing, found that the employee's death was caused by sclerosis of the coronary arteries resulting from assimilation of lead which occurred during his employment as a plumber and that the final assimilation which caused the death occurred during his employment with the subscriber, his findings were confirmed by the board and, upon certification to the Superior Court, a decree was entered according to the decision of the board, from which the insurer appealed. *Held,* that the findings had substantial support in the evidence and were conclusive.

Certification to the Superior Court, under the provisions of the workmen's compensation act, of a decision of the Industrial Accident Board and papers in connection therewith, affirming and adopting findings of a single member of the board, to whom had

been referred a claim of the widow of John J. O'Donnell, an employee of C. H. Cronin, that O'Donnell's death was caused by sclerosis of the coronary arteries resulting from assimilation of lead which occurred during his employment "as a painter, [plumber] . . . that the final assimilation which caused his death occurred during his employment with" the subscriber, and that compensation should be awarded to the claimant.

In the Superior Court by order of *Sisk*, J., a decree was entered in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

The case was submitted on briefs.

*R. Clapp & J. T. Connolly*, for the insurer.

*P. L. Keenan*, for the claimant.

DE COURCY, J. The issue as framed before the single member of the Industrial Accident Board, and before the board on review, is: "whether the employee's death was caused by lead poisoning suffered in his employment by the subscriber." The decision of the single member, affirmed and adopted by the board, is as follows: "Upon the evidence in this case I find that the cause of the employee's death on June 26, 1918, was sclerosis of the coronary arteries and this sclerosis was caused by the accumulative effects of the lead which was being constantly assimilated into his system up to the time that the final assimilation caused his death. I find that this assimilation of lead occurred during his employment as a painter, [plumber] resulting from the use of lead in his employment, and that the final assimilation which caused his death occurred during his employment with the subscriber in this case."

As in the analogous case of the verdict of a jury or the finding of a judge in an action at law, this finding is conclusive if it has a substantial support in the evidence. *Uzzio's Case*, 228 Mass. 331. We are of opinion that there was evidence to warrant it. The claimant testified that the employee had worked as a plumber since he was twelve years of age and that he was thirty-nine years of age when he died. The family physician testified that for the last few years he had treated O'Donnell "for what he supposed was lead poisoning." The expert, after reviewing the history and symptoms, gave as his opinion that "The cause of death was sclerosis of the coronary arteries, and it was undoubtedly caused by lead poison-

ing." There was evidence that during the five months of his employment with Cronin, the assured, he was handling lead pipe, and his handkerchiefs and napkins would be colored red from red lead. On the testimony of the specialist it could be found that the lead poisoning, which was a contributing cause of the employee's death, was progressive, and probably due to the constant assimilation of the lead during the years he had been exposed to it. Without further reference to the evidence in detail, it is apparent that we cannot say that the finding of the board was unwarranted. *Johnson's Case,* 217 Mass. 388. *Doherty's Case,* 222 Mass. 98, 100. *Walker* v. *Gage,* 223 Mass. 179, 182.

*Decree affirmed.*