## JOHN H. GREEN'S CASE.

Suffolk.    February 5, 1929. — February 27, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Proximate Cause. Evidence,* Presumptions and burden of proof, Matter of conjecture.

At the hearing of a claim by an employee under the provisions of the workmen's compensation act, the claimant contended that while "lifting a trough" he received an injury "to the back and front of his body," from which hernia developed and that the injury "aggravated to the point of total incapacity for work a preëxisting condition of genital tuberculosis." To establish his contention, he relied on testimony of his physician, who testified that trauma will tend to awaken quiescent tuberculosis, and, being asked, "Assuming that there was trauma sufficient to cause a hernia, might that trauma causing a hernia awaken a quiescent genital tuberculosis?" answered, "I think that is reasonable — it does not cause it but the tubercular bacilli is in the epididymis and, if there is a blow or trauma that is sufficient to cause a hernia, it is conceivable . . . that the trauma causes irritation around the tubercle bacille and awakens it and makes it become active." The Industrial Accident Board found that the injury aggravated the preëxisting condition of genital tuberculosis and had totally incapacitated the employee. A decree was entered in the Superior Court awarding compensation. The insurer appealed. *Held,* that

(1) The testimony of the physician amounted only to surmise and conjecture and did not support the findings;

(2) The decree was reversed and the claim was ordered dismissed.

CERTIFICATION, under the provisions of the workmen's compensation act, of a decision by the Industrial Accident Board awarding compensation to the claimant for injuries received while employed by National Lead Company.

In the Superior Court, the case was heard by *Bishop,* J. Material evidence is stated in the opinion. By order of the judge, a final decree was entered awarding compensation. The insurer appealed.

*A. Donahue,* for the insurer.

*F. E. Rafter,* for the claimant.

CARROLL, J.  In this proceeding under the workmen's compensation act there was evidence that the employee received an injury in the course of his employment and arising out of it, on November 16, 1926.  He testified that while "lifting a trough" he received an injury "to the back and front of his body."  Hernia developed.  He was paid compensation to December 6, 1926.  In May, 1927, it was found that the employee was entitled to compensation from February 21, 1927, to May 21, 1927, to continue under the statute.  The insurer filed a claim for review.  On the hearing on recommittal the single member found that the employee's disability was due to genital tuberculosis not causally related to the injury.  The Industrial Accident Board found that the injury aggravated the preëxisting condition of genital tuberculosis which has totally incapacitated the employee.  In the Superior Court a decree was entered for the employee, and the insurer appealed.

If the injury accelerated the preëxisting condition and the progress of the genital tuberculosis was hastened by the injury, the employee is entitled to compensation, although the injury did not cause the disease but merely accelerated it, *Glennon's Case*, 236 Mass. 542, *Walker's Case*, 243 Mass. 224, and the finding of the board must stand if there is any evidence to support it.  *Pass's Case*, 232 Mass. 515.  It was not disputed that the employee was suffering from genital tuberculosis.  The question in the case is, Was there any evidence to warrant the finding that the injury "aggravated to the point of total incapacity for work a preëxisting condition of genital tuberculosis"?

The impartial physician testified respecting his examination of the employee, that a strain such as the employee received, causing a hernia, could not cause genital tuberculosis; and answered "No" to the question, "Assuming a force of sufficient strength or degree to cause a hernia, would that awaken a quiescent tuberculosis of the genitals?"  This witness further testified that the only way in which quiescent tuberculosis of the genitals could be awakened was by the normal growth of the tuberculosis germs.  A physician called by the employee testified that the employee was suffering

from genital tuberculosis; that trauma will tend to awaken the quiescent tuberculosis.  He was asked, "Assuming that there was trauma sufficient to cause a hernia, might that trauma causing a hernia awaken a quiescent genital tuberculosis?"  He answered, "I think that is reasonable — it does not cause it but the tubercular bacilli is in the epididymis and if there is a blow or trauma that is sufficient to cause a hernia it is conceivable to witness that the trauma causes irritation around the tubercle bacille and awakens it and makes it become active."

There was no evidence that prior to the injury the employee suffered from quiescent tuberculosis or had such a complaint. Considering the nature of the disease, even if it could be inferred that the germs of genital tuberculosis were in the system at the time of the injury, there is no evidence to warrant a finding that the strain accelerated or hastened the development of these germs.  The employee's physician did not state that in his opinion the employee's condition was aggravated by the injury or that the injury developed or hastened the genital tuberculosis.  As we interpret his testimony, this condition was reasonable, or was "conceivable to witness."  The fact that the present condition of the claimant might reasonably result from the injury, or that it was conceivable that this condition might so result, is not sufficient to justify the conclusion that the condition was causally related to the injury.  A mere conjecture or surmise is not proof.  There must be evidence to support the finding, and the burden was upon the employee to prove his case.  *Von Ette's Case*, 223 Mass. 56.  *Sanderson's Case*, 224 Mass. 558. *Gorski's Case*, 227 Mass. 456.  It follows that the decree must be reversed and a decree entered for the insurer.

*So ordered.*