# DONATO FABRIZIO'S CASE.

Suffolk.    January 15, 1931. — January 28, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Workmen's Compensation Act*, Insurance coverage.  *Proximate Cause.*
*Insurance*, Workmen's compensation.

An employee, who was a stone cutter using pneumatic tools in his employment, contracted "cilicosis with marked pulmonary tuberculosis" which existed before October 17, but he continued in employment to October 30, when he "gave up." At the hearing of a claim

by him under the workmen's compensation act, there was evidence
warranting a finding that "it was the last five or six days that was
the sum total of the load which his heart could not carry." The
claim was against an insurer which did not become such until October
17. There was a decree for the claimant. *Held*, that

(1) Although the disease already existed when the coverage by the
insurer began, it was a progressive one and, if the employment after
such coverage began caused the disease to continue until finally the
employee was incapacitated, the insurer was liable;

(2) A finding was warranted on all the evidence that the work of
the employee from October 17 to October 30 contributed to his
final incapacity to such extent that the injury was caused on
October 30.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by
the Industrial Accident Board awarding compensation.

In the Superior Court, the case was heard by *Cox*, J., by
whose order a final decree was entered awarding compensation. The insurer appealed.

*G. Gleason*, for the insurer.

*J. Cordella*, for the claimant.

CARROLL, J. In this proceeding under the workmen's
compensation act the insurer agrees that the employee received a personal injury arising out of and in the course
of his employment. It contends that the award to the
employee should not have been made against it as it did
not become the insurer until October 17, 1929, and while
the employee stopped work on October 30, 1929, his injury was of a continuing nature and had been contracted
before the policy became effective. From October 17,
1928, to noon of October 17, 1929, the Great American Indemnity Company was the insurer.

The plaintiff was a stone cutter employed at the Chester
Granite Quarries from 1922 or 1923 to October, 1929. He
used pneumatic tools. He testified that in the course of
his work dust came from the use of these tools; that about
October 30, 1929, he gave up work because he was weak
and it was hard for him to breathe; that he had not
worked since that date. There was evidence tending to
show that the "cilicosis with marked pulmonary tuberculosis" from which the employee was suffering was causally

related to his employment; that the disease had existed before October 17, 1929; that before this time he had a cough and other symptoms indicating he had contracted the disease. On the other hand, it could have been found that the employee from October 17 to October 30 found it harder to breathe, "His breath was getting shorter every day he worked. Sometimes he was coughing more, sometimes less . . . . He could not keep up any more on October 30 so he gave up"; that "it was the last five or six days that was the sum total of the load which his heart could not carry." One witness testified, in answer to the question if it is not "the last week or two that is the last straw," "yes, if you wish to blame it on the last week or so it is perfectly fair."

The disease was a progressive one and had been growing more serious as time went on, but the insurer insured the employees on October 17, 1929, in their then condition, and if the employment caused the disease to continue until finally the employee was incapacitated the insurer is liable. The board could have found on all the evidence that the time the employee worked from October 17 to October 30 contributed to such extent and was enough to warrant the finding that the injury was caused on October 30. See *Hurle's Case,* 217 Mass. 223; *Johnson's Case,* 217 Mass. 388; *Bergeron's Case,* 243 Mass. 366.

*Decree affirmed.*