GEORGE LANGFORD's (dependent's) CASE.

Essex.   December 7, 1931. — March 15, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Time of injury, Findings by Industrial Accident Board.

At the hearing by a single member of the Industrial Accident Board of a claim under the workmen's compensation act by a dependent of an employee, it appeared that, during the period of employment, fourteen years, the employer changed his insurer; that, previous to the change, the employee, because constantly exposed to dust in his work, had become afflicted with silicosis and his employer had placed him at other work; that he thus was injured but had not been incapacitated except with regard to such work as he previously had been doing; that his then condition never entirely cleared up; and that after the change of insurers he again suffered from silicosis, became totally disabled and died.   There was conflicting evidence as to whether, after the change of insurers, the employee's work so much exposed him to dust that his condition was aggravated, culminating in his incapacity and death.   The single member and the Industrial Accident Board on review ordered compensation to be paid by the second insurer, and the Superior Court ordered a decree accordingly. The second insurer appealed.   *Held*, that
   (1) When the second insurer took up the insurance, it undertook the risk that the employee might become incapacitated if events aggravated his condition;
   (2) The evidence being conflicting, the finding by the single member and the board must stand;
   (3) No error was shown.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the widow of George Langford.

In the Superior Court, the case was heard by *Gray*, J. Material facts and evidence are stated in the opinion.   A final decree awarding compensation was entered, and appeals therefrom were filed, as stated in the opinion.

*R. L. Sisk*, for the claimant.

*T. N. Foynes*, for Electric Mutual Liability Insurance Company.

*W. Doyle*, for Liberty Mutual Insurance Company.

WAIT, J.   George Langford, husband of the claimant, was employed by the General Electric Company from January, 1916, to May 29, 1930, when he was totally disabled.   He died August 9, 1930, from silicosis, a disease resulting from the inhalation of silicon dust.   It was agreed that his death was due to a personal injury arising out of and in the course of his employment.   *Sullivan's Case,* 265 Mass. 497.   *Fabrizio's Case,* 274 Mass. 352.   The employer was insured by the Liberty Mutual Insurance Company to and including December 31, 1927, and thereafter by the Electric Mutual Liability Insurance Company to the time of his total disability.   Claims under G. L. c. 152, the workmen's compensation act, were filed against both insurers by the widow.   Her dependency is admitted.   The single member found that the employee was constantly exposed to the inhalation of dust from January, 1916, to the time of his transfer to different work in May, 1926, and thereafter "he was exposed to enough dust so he was obliged to give up work on May 29, 1930, because of weakness and shortness of breath"; that on May 29, 1930, he was totally disabled.   Compensation was awarded in the amount of $185.14 from May 29 to August 9, 1930, and at the rate of $10 per week to continue pursuant to the provisions of the act, to be paid by the Electric Mutual Liability Insurance Company.   On review claimed by that insurer and by the claimant, the Industrial Accident Board affirmed and adopted the decision of the single member.   It also awarded costs under § 10 of the act, as amended by St. 1930, c. 208, to be paid by the insurance company to the claimant. One member of the reviewing board dissented on the ground that "the exposure which went with each of these employments was a contributing factor in bringing about the disability which began on May 29, 1930," and that compensation was due from both insurers in the same way and manner as on a joint execution in an action of tort against joint tortfeasors.   He agreed in the finding of facts made by the single member.   The Superior Court made a decree in accord with the award.   Appeals were filed by the Electric Mutual Liability Insurance Company and by the

claimant.  The latter appealed merely to save her rights, and does not press her appeal if the Electric Mutual Liability Insurance Company is held to payment.

The evidence reported shows that in 1926 the employee was transferred from work in the sand blast room because he was suffering from silicosis.  The employer's physician advised placing him at other work.  Radiographs of his lungs show a condition existing then which never was entirely cleared up.  The employee had been injured, but had not been incapacitated except with regard to such work as he had been doing in the sand blast room.  Further exposure might result in incapacity.  In 1928, when the Electric Mutual Liability Insurance Company took up the insurance, the employee was liable, if events aggravated his condition, to become incapacitated and so the object of an injury arising out of and in the course of his employment. That risk it undertook.  *Fabrizio's Case,* 274 Mass. 352, is directly in point.  See also *Panagotopulos's Case,* 276 Mass. 600; *Colantueno's Case,* 275 Mass. 1.

The appealing insurer contends that there is no sufficient evidence of inhalation of dust after January 1, 1928, so aggravating the previous condition of the employee as to cause a personal injury.  The testimony is contradictory. Answers of witnesses in examination and cross-examination admit of serious argument as to the effect of the testimony given and the meaning of the words used.  In such circumstances the finding of fact of the magistrate who saw and heard the witnesses is not lightly to be disregarded. If there was any evidence to sustain the finding of the board, it must stand.  Without attempting to set down here the evidence in detail, but after careful examination and due consideration of the arguments of counsel, we are satisfied that there was evidence to support the finding that subsequent to January 1, 1928, the employee worked exposed to dust from machines using sand to clean castings, and thereby aggravated his condition so that it culminated in his incapacity on May 29, 1930, and his death on August 9.  Nothing in *Breault's Case,* 270 Mass. 256, or *Green's Case,* 266 Mass. 355, required a different result.  The de-

cree against the appealing insurer was correct. *Johnson's Case,* 217 Mass. 388. *O'Donnell's Case,* 237 Mass. 164. *Bergeron's Case,* 243 Mass. 366. *Fabrizio's Case,* 274 Mass. 352.

Since this is so, we need not consider the claimant's appeal; and we do not pass upon the question raised in the dissenting opinion, which has not been argued.

*Decree affirmed.*