## ARTHUR P. LITTLEFIELD'S CASE.

Essex.   November 18, 1932. — January 4, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Evidence*, Presumptions and burden of proof.

At the hearing by a single member of the Industrial Accident Board of a claim under the workmen's compensation act by a motorman of a street railway company, it appeared that, in turning over seats at the end of his route, his right hand became caught on the brass handle of one of the seats and his ring finger and little finger were wrenched; that the day after the accident there was a bruise on the palm of his right hand, which was "somewhat discolored and hard and somewhat tender" and from which, eleven days later, pus was removed.  His physician testified that the condition in the palm of the hand was cellulitis or muscle infection, that such condition could arise if the employee so wrenched the fingers as to damage the tissue seriously enough to cause an infection, that a wrench of the fingers alone (assuming that there was no injury to the hand) could cause that condition, and that, in his opinion, at the time of the accident the claimant injured the tissue of the palm of his hand.  Physicians called by the insurer testified that to get a condition of cellulitis the infection would have to come through an opening like a cut or break of the skin; and one of them, asked if there was some cellulitis at the beginning, replied "that he presumed that it was one of the early stages of infection," while the other testified that there was such a thing as a "microscopic break" in the tissue, that can be caused from a blow.  The single member found in substance that after the accident a bruise showed on the palm of the hand, discolored and tender, and as a result thereof a minor break not visible to the naked eye occurred permitting an infection to enter which resulted in a condition of cellulitis and that total incapacity resulted from the accident.  The board affirmed and adopted such findings and in the Superior Court a final decree was entered in conformity therewith.  Upon appeal by the insurer, it was *held*, that the evidence warranted the findings and that the decree should be affirmed.

CERTIFICATION, under the provisions of the workmen's compensation act, of a decision by the Industrial Accident Board awarding compensation.

In the Superior Court, the case was heard by *Whiting*, J. Material evidence in the record is described in the opinion.

A decree was entered in accordance with the findings of the board. The insurer appealed.

*W. W. Pyne,* for the insurer, submitted a brief.

No argument nor brief for the claimant.

CROSBY, J. This is an appeal by the insurer from a decree entered in the Superior Court, in proceedings under the workmen's compensation act, by which the claimant was awarded compensation for total incapacity for work resulting from a personal injury arising out of and in the course of his employment as a motorman by Eastern Massachusetts Street Railway Company. All the material evidence is reported.

The claimant testified that on December 9, 1931, when he had reached the end of his route and was turning over the seats in the car, his right hand became caught on the brass handle of one of the seats; that "He got hold of the handle, his fingers going in under the brass part. He took and pulled the seat toward him, having his fingers grasped over the top of the handle" and wrenched the ring and little fingers of his right hand. Although it is recited in the statement, which he signed by his mark in the presence of a representative of the insurer, that he did not cut or bruise his hand, he testified that he did not remember making that statement; that when talking with the representative of the insurer it was his fingers he referred to and nothing was said to attract his attention to the palm of his hand, and he did not remember anything being said about bruising his hand. In answer to counsel for the insurer he testified that at the time of the accident he did not have any cut or bruise. A physician called by the claimant testified that he saw the employee the day after the accident; that he had a bruise on the palm of his right hand about the size of a half dollar, which was "somewhat discolored and hard and somewhat tender"; that he started treating the claimant with hot applications — saw him every day thereafter — and on December 20 he opened the hand and removed some pus; that before that time he had another physician look at the hand who agreed with the witness that the condition was cellulitis or muscle infection.

This witness further testified that germs work through the skin from an injury and produce this condition; that some of the most common causes are trauma, bruises, pressure, fractures and contusions; that if the employee so wrenched the fingers as to damage the tissue seriously enough to cause an infection this condition could arise, and a wrench of the fingers alone (assuming that there was no injury to the hand) could cause that condition, and, in his opinion, at the time of the accident the claimant injured the tissue of the palm of his hand; that if the tissue was damaged "the germs travel into the tissue through an injury — the tissue of the palm." Two physicians called by the insurer testified that to get a condition of cellulitis the infection would have to come through an opening like a cut or break of the skin. One of these witnesses, Dr. McCartin, was asked if there was some cellulitis at the beginning. He replied "that he presumed that it was one of the early stages of infection." Dr. Grady, one of the witnesses called by the insurer, testified that there was such a thing as a "microscopic break" in the tissue, that can be caused from a blow.

Upon all the evidence the single member found that the employee while turning over the seats of the car caught his right hand in the brass handle on top of one of the seats and sustained a severe injury which involved the ring and little fingers and the palm; that the claimant never had any previous trouble with this hand; that the day after the accident a bruise showed on the palm as large as a half dollar, it was discolored and tender, and as a result thereof a minor break not visible to the naked eye occurred permitting an infection to enter which resulted in a condition of cellulitis; that this infection became apparent within a few hours; and that as a result of the accident the employee was totally incapacitated, and has been so incapacitated for work since December 9, 1931, to the date of the hearing. The reviewing board affirmed and adopted the decision of the single member, and also assessed costs of $35 to be paid by the insurer. A final decree was entered in the Superior Court in conformity with the decision of the Industrial Accident Board, from which the insurer appealed.

Although the question whether or not a condition of cellulitis existed in the palm of the claimant's right hand is close, we are of opinion that the facts found do not rest upon conjecture or speculation. The findings of the single member and of the board are not without evidence to support them. The case is governed in principle by *Von Ette's Case,* 223 Mass. 56, *Holmes's Case,* 267 Mass. 307, *Belanger's Case,* 274 Mass. 371, *Hughes's Case,* 274 Mass. 540, and is distinguishable from *Sanderson's Case,* 224 Mass. 558, *Dube's Case,* 226 Mass. 591, *Gorski's Case,* 227 Mass. 456, *Murphy's Case,* 230 Mass. 99, *Green's Case,* 266 Mass. 355, *Panagotopulos's Case,* 276 Mass. 600, *Johnson's Case,* 278 Mass. 365.

<em>Decree affirmed.</em>