## Antonio DeFilippo's Case.

Suffolk.    September 11, 1933. — December 6, 1933.

Present: Rugg, C.J., Crosby, Field, Donahue, & Lummus, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Time of injury, What insurer liable.

The conduct of a stonecutter in keeping at work as long as he could before he was incapacitated by pneumonoconiosis resulting from a continual inhalation of particles of stone dust was not such a voluntary exposure to danger not contemplated by his contract of employment as to make the injury received through the pneumonoconiosis one received outside the course of his employment, and did not bar him from receiving compensation under the workmen's compensation act.

In proceedings under the workmen's compensation act, the mere fact that an employee working as stonecutter was laid off on a certain date did not prevent the Industrial Accident Board from finding, on proper evidence, that he became incapacitated for work, and received an injury, on that date by reason of pneumonoconiosis resulting from a continual inhalation of particles of stone dust.

Where it appeared, in proceedings under the workmen's compensation act, that the employee, a stonecutter, became totally incapacitated on February 11 by pneumonoconiosis resulting from continual inhalation of particles of stone dust, medical testimony, that "it would

be perfectly possible" for the amount of dust inhaled between January 15 and February 11 to make definite his incapacity and that the dust inhaled during that period "would be detrimental" with "the load he was already carrying in his lungs," together with the circumstance that, since the condition from which he was suffering was cumulative, the dust inhaled during the last period of labor before incapacity resulted was most likely to be decisive, warranted a finding by the Industrial Accident Board that the incapacity occurring on February 11 was caused by "the accumulation of dust in the employee's lungs absorbed during" the period from January 15 to February 11; and it was proper to order compensation to be paid by an insurance company which became insurer on January 15.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to be paid by the Service Mutual Liability Insurance Co., and dismissing a claim against the Standard Accident Insurance Company.

Material evidence and findings by the board are stated in the opinion. By order of *Swift*, J., a decree in accordance with the board's decision was entered. The Service Mutual Liability Insurance Co. appealed.

The case was submitted on briefs.

*P. L. Keenan & C. W. Jonnson*, for Service Mutual Liability Insurance Co.

*G. A. Verde & J. A. Herbert*, for the claimant.

LUMMUS, J. The Industrial Accident Board found that in the course of his employment as a stonecutter the employee received an injury, arising out of his employment, through the continual inhalation of particles of stone dust, which resulted in the condition called pneumonoconiosis, popularly called stonecutters' disease. This is a "personal injury" within the workmen's compensation act, G. L. (Ter. Ed.) c. 152, § 26. *Sullivan's Case*, 265 Mass. 497. *Fabrizio's Case*, 274 Mass. 352. *Langford's Case*, 278 Mass. 461. The conduct of the employee in keeping at work as long as he could was not such a voluntary exposure to danger not contemplated by the contract of employment as to carry his injury outside "the course of his employment," under the rule laid down in *Eifler's Case*, 276 Mass. 1, and *Roberts's Case, ante,* 316.

The important question is, which of two successive insurers is liable? Claim was made against each. The Standard Accident Insurance Company ceased to be the insurer on January 10, 1932, and the Service Mutual Liability Insurance Co. became the insurer on January 15, 1932. The board found that the employee became totally incapacitated for work on February 11, 1932, and that "the accumulation of dust in the employee's lungs absorbed during the period from January 15, 1932, to February 11, 1932, was sufficient to [cause] and did cause the final breakdown on the latter date, during the coverage by the Service Mutual Liability Insurance Co." Although the employee ceased to work on February 11, 1932, because he was laid off, the board could find that on that day he had reached the end of his capacity for work. From a decree against the Service Mutual Liability Insurance Co., it appealed. The claim against the other insurance company was dismissed by the Industrial Accident Board.

An insurer under the workmen's compensation act must take an employee as he may happen to be during the term of the policy. It is immaterial that the employee is unusually susceptible to personal injury, or to serious consequences in the event of personal injury, or that personal injury is impending because of the cumulative effect of years of exposure to the hazards of the trade. *Madden's Case*, 222 Mass. 487, 494, 497. *Crowley's Case*, 223 Mass. 288. *Cusick's Case*, 260 Mass. 421. *Fabrizio's Case*, 274 Mass. 352, 354. *Colantueno's Case*, 275 Mass. 1. *Panagotopulos's Case*, 276 Mass. 600, 606, 607. *Langford's Case*, 278 Mass. 461, 463. The insurer is responsible for any compensable personal injury occurring within the period covered by its policy. G. L. (Ter. Ed.) c. 152, § 26. When the injury results from an accident which happens at a single moment, the time of occurrence of the injury is seldom in doubt. *Carroll's Case*, 225 Mass. 203, 207. Compare *Brown's Case*, 228 Mass. 31, 37, 38. In a case like the present, more difficulty may arise. Generally speaking, compensation is allowed only for impairment of earning capacity. *Federico's Case*, 283 Mass. 430. In cases of

personal injury through the gradual accumulation in the body of harmful foreign matter, it has been held that a "personal injury" occurs when the accumulation becomes so great as to cause incapacity for work, and not before. *Johnson's Case*, 217 Mass. 388, 391. *O'Donnell's Case*, 237 Mass. 164. *Bergeron's Case*, 243 Mass. 366. *Fabrizio's Case*, 274 Mass. 352. *Langford's Case*, 278 Mass. 461. *Johnson's Case*, 279 Mass. 481, 483.

An expert physician testified that "it would be perfectly possible" for the amount of dust inhaled between January 15, 1932, and February 11, 1932, to "upset his [the employee's] equilibrium," which may be interpreted as meaning to make definite his incapacity for work. Another testified that the dust inhaled during that period "would be detrimental" with "the load he was already carrying in his lungs." This opinion was expressed in answer to a hypothetical question assuming a medical history which could be found true upon the testimony of other witnesses. *Commonwealth* v. *Russ*, 232 Mass. 58, 72, *et seq.* The Service Mutual Liability Insurance Co. contends, however, that this testimony is not enough to support the finding for the employee. It is true that where the evidence shows no greater likelihood that facts which must be proved really existed, than that such facts did not exist, the necessary preponderance of evidence in favor of the existence of such facts is lacking, and the party having the burden of proof fails. *Sponatski's Case*, 220 Mass. 526, 528. *Hanna* v. *Shaw*, 244 Mass. 57, 60. *Gates* v. *Boston & Maine Railroad*, 255 Mass. 297, 301, *et seq.* *Traverse* v. *Wing*, 260 Mass. 527. *Atlas* v. *Silsbury-Gamble Motors Co.* 278 Mass. 279, 282, 283. *Walker* v. *Benz Kid Co.* 279 Mass. 533, 537. *Monahan* v. *Economy Grocery Stores Corp.* 282 Mass. 548. See also *Callahan* v. *Fleischman Co.* 262 Mass. 437. Where the relation of cause and effect between two facts has to be proved, the testimony of an expert that such relation exists (*Cooper's Case*, 271 Mass. 38), or probably exists (*Marlow* v. *Dike*, 269 Mass. 38, 40; *Rash* v. *Albert*, 271 Mass. 247, 252; *Blanchard's Case*, 277 Mass. 413, 415), has been held enough. But the testimony of an expert that such relation

is possible, conceivable or reasonable, without more, leaves the issue trembling in the balance. *Olsen* v. *New England Fuel & Transportation Co.* 251 Mass. 389. *Sheehan* v. *Strong,* 257 Mass. 525. *Morris* v. *Weene,* 258 Mass. 178. *Falco's Case,* 260 Mass. 74. *Green's Case,* 266 Mass. 355. *Johnson's Case,* 278 Mass. 365, 369. Slight additional circumstances, however, may tip the scale. Expert testimony that an accident would be an adequate cause of subsequent disease has been held "sufficient, taken in connection with the plaintiff's testimony that his health was good before the accident." *Sullivan* v. *Boston Elevated Railway,* 185 Mass. 602, 606. See also *Sullivan* v. *Old Colony Street Railway,* 197 Mass. 512, 515; *Carmossino's Case,* 268 Mass. 35; *Littlefield's Case,* 281 Mass. 434; *Miller* v. *Boston & Maine Railroad,* 240 Mass. 461, 464.

In the present case, the employee was found to be incapacitated for work on February 11, 1932. The amount of dust inhaled during the four weeks immediately preceding was, in the opinion of experts, sufficient to be "detrimental," and a "perfectly possible" cause of his incapacity. Since the condition from which he was suffering was cumulative, the dust inhaled during the last period of labor before incapacity became manifest was most likely to be decisive. We think that the finding of the board, in effect that it was the last straw which broke down the employee's capacity for work, cannot be pronounced unsupported by evidence.

*Decree affirmed.*