## HENRY AVISAIS'S CASE.

Suffolk. October 5, 1933. — December 29, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, Incapacity; Procedure: notice of hearing. *Notice*. *Evidence*, Presumptions and burden of proof.

At a hearing, in proceedings under the workmen's compensation act, of the question, whether the employee had been incapacitated during a certain period following the discontinuance of compensation paid to him for an injury arising out of and in the course of his employment, testimony by him, that the only work which he had done during that period was for short times on two occasions, on each of which he was unable to continue to work because it was too hard for him and he had the same pains "in the same place that it hurt him at the time he was

working" for the subscriber, and that he had been all right since the end of that period, warranted a finding by the Industrial Accident Board that he was incapacitated during that period.

The deposit in the post office of a notice by first class mail addressed to the place of business of the addressee is *prima facie* evidence that it was received by him in the ordinary course of mail.

Where, after a hearing by a single member of the Industrial Accident Board in proceedings under the workmen's compensation act, the insurer filed a motion, supported by affidavits, for a rehearing on the ground that it had received no notice of the hearing, and it appeared that such a notice had been sent to the insurer by first class mail, it was a question of fact for the board, whether the *prima facie* evidence that the notice had been received by the insurer was overcome by the evidence presented to the board in the insurer's motion and affidavits.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Proceedings before the board and material evidence and findings by it are described in the opinion. In the Superior Court, a decree was entered by order of *Whiting*, J., in accordance with the board's decision. The insurer appealed.

*V. L. Scanlon*, for the insurer, submitted a brief.

No argument nor brief for the claimant.

RUGG, C.J. The employee received an injury arising out of and in the course of his employment by the insured, and was paid compensation until January 12, 1932, when it was discontinued. Thereafter the matter was heard further before a single member, the question being disability of the employee since January 12, 1932. The employee testified that he had not done any regular work since that time, that he had worked one and one half days in April, but did not continue because he was unable to do the work, it was too hard for him and he had pains. "He had pain in his abdomen, back and his arm was sore and lame, he could hardly stand up the next morning. It hurt him in the same place that it hurt him at the time he was working" for the insured. In May he worked one half day and stopped because he had the same pains. Since August 19, 1932, he has been all right. The single member's decision was: "I am satisfied from my previous contact with this case and the employee's testimony that he was unable to do the

work." Compensation was awarded. This finding and decision was made after an uncontested hearing. It was affirmed and adopted by the reviewing board upon a claim for review filed by the insurer.

We cannot say as matter of law that this finding was unsupported by evidence. The testimony of the employee was categorical to the effect that the same disabilities which befell him in his original employment continued during this period. The evidence is slender, but the finding cannot quite be pronounced unsupported by evidence. *De Felippo's Case*, 245 Mass. 308, 310. *Anderson's Case*, 276 Mass. 51, 53–54. *Littlefield's Case*, 281 Mass. 434, 437.

The insurer filed a request for rehearing on the ground that it received no notice by mail or otherwise of the hearing before the single member and that its rights thereby were prejudiced. This motion was supported by affidavits tending to show that no notice of the hearing was received by the insurer. Upon this subject the Industrial Accident Board found from an examination of the records of the department in the case that proper notice of the hearing to be held before the single member was seasonably given the parties by first class mail, that the employee received his copy, and that the insurer has failed to set forth in its motion and affidavits facts overcoming the *prima facie* evidence that the notice by mail of the hearing to the insurer was delivered in due course.

The depositing of a notice by first class mail in the post office addressed to the place of business of the insurer is *prima facie* evidence that it was received in the ordinary course of mail. *Huntley* v. *Whittier*, 105 Mass. 391, 392. *Briggs* v. *Hervey*, 130 Mass. 186, 188. *Eveland* v. *Lawson*, 240 Mass. 99, 103. Whether this *prima facie* evidence had been overcome by the evidence presented to the Industrial Accident Board was a question of fact. The decision of that question was for the Industrial Accident Board. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, 589, 590. While the question is close, we cannot say that its decision on this point was unsupported. *DePietro's Case*, 284 Mass. 381.

*Decree affirmed.*