## SOLOMON ANDERSON'S CASE.

Suffolk. November 8, 1933. — October 23, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, Time of injury, Notice. *Evidence*, Presumptions and burden of proof. *Proximate Cause*.

Where, at the hearing of a claim by an employee under the workmen's compensation act, it appears that a personal injury resulted to the employee from the cumulative effect of the tangible impact of particles of granite upon his lungs over a period of time, the injury, for compensation purposes under the act, may be found to have occurred when such cumulative effect became so great as to cause incapacity for work.

At the hearing of a claim under the workmen's compensation act, there was evidence that the employee was a granite cutter who had worked at his trade for more than forty years, that, through stone dust getting into his lungs in the course of his work, he had acquired pneumonoconiosis, which totally incapacitated him for work after December 4, 1930, that such incapacity was the result of a personal injury as distinguished from disease, and that the employee's physical condition was the cumulative effect of his years of work as a granite cutter; and an inference was warranted that his work between November 14, 1929, and November 14, 1930, contributed to this effect. There also was evidence that exposure to stone dust in the course of work of the employee after November 14, 1930, had no appreciable effect upon his physical condition and that this condition would have resulted if he had not worked after that date. There were two insurers, one covering from November 14, 1929, to November 14, 1930, and a second for a period beginning December 3, 1930. The Industrial Accident Board found that the employee received a personal injury, which later incapacitated him, between November 14, 1929, and November 14, 1930, and ordered compensation to be paid by the first insurer; and a decree was entered in the Superior Court accordingly, from which that insurer appealed. *Held*, that

(1) A finding was warranted that the injury occurred before November 14, 1930;

(2) A finding was warranted that the employee's exposure to stone dust after November 14, 1930, bore no causal relation to his injury and resulting incapacity;

(3) The fact that the employee continued to work for a short time after the cause of his incapacity became complete did not, as matter of law, require a finding that his injury did not occur until, because of incapacity, he ceased working.

(4) The decree was proper.

While the burden of proving, in proceedings under the workmen's compensation act, that an insurer was not prejudiced, within the meaning of § 44 of G. L. (Ter. Ed.) c. 152, by want of statutory notice of the employee's injury is on the employee, that burden can be sustained by warranted inferences from the circumstances of the case without evidence specifically directed to disproving particular forms of prejudice.

At the hearing of a claim by an employee under the workmen's compensation act for compensation for incapacity due to the contraction of pneumonoconiosis while employed as a granite cutter, it appeared that the employee had failed to give the notice required by G. L. (Ter. Ed.) c. 152, §§ 41-44, but a single member of the Industrial Accident Board found that the insurer had not been prejudiced by the delay, the board awarded compensation without a specific finding on the subject, and a decree was entered in the Superior Court accordingly. There was evidence before the single member that the employee was absent from work in 1928, 1929, and 1930 for a considerable number of days each year, that the employer's superintendent understood that these absences were on account of the employee's being sick and knew that the employee stopped work on December 4, 1930, was sick thereafter, and did not return to work when sent for in February, 1931, and that the superintendent on August 25, 1931, made a report in writing to the board and to the insurer concerning the employee's injury and its nature, giving the name of the employee's physician. *Held*, that the finding by the single member was warranted.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

In the Superior Court, the case was heard by *F. T. Hammond*, J. Material evidence before and findings by the board, and the final decree entered in the Superior Court are described in the opinion. The insurer General Accident Fire and Life Assurance Corporation, Limited, appealed.

The case was submitted on briefs.

*J. F. Cavanagh*, for General Accident Fire and Life Assurance Corporation, Limited.

*A. P. Sleeper & J. Bear*, for the claimant.

FIELD, J. This is a workmen's compensation case. G. L. (Ter. Ed.) c. 152. The employee ceased working December 4, 1930, after he had worked for the employer a little less than seven years. The insurer from November 14, 1929, to November 14, 1930, was the General Accident Fire and Life Assurance Corporation, Limited. The insurer for December

3 and 4, 1930, was the Employers' Liability Assurance Corporation, Limited. It does not appear that the employer was insured between November 14, 1930, and December 3, 1930. The Superior Court entered a decree in accordance with the findings of the Industrial Accident Board adjudging that the employee received a personal injury between November 14, 1929, and November 14, 1930, arising out of and in the course of his employment by the employer, and has continued to be totally incapacitated for work as a result of such injury since December 4, 1930, and ordering payment of compensation to the employee by the General Accident Fire and Life Assurance Corporation, Limited. The single member found that "Any delay that may have occurred in giving notice or filing a claim in this case is no bar to these proceedings, for I find that the insurer has not been prejudiced by such delay." But the board made no specific finding on the subject of notice. This insurer appealed.

The appellant, hereinafter referred to as the insurer, contends, in substance, (a) that the evidence did not warrant the finding that the employee received a personal injury during the period covered by its policy — November 14, 1929, to November 14, 1930 — and that liability to pay compensation, if any exists, is upon the later insurer; and (b) that the evidence did not warrant the finding that the insurer was not prejudiced by want of notice of the injury, and that, consequently, the employee is barred from maintaining these proceedings by such want of notice. The insurer, however, does not now contend that the employee is barred from maintaining these proceedings by delay in making claim for compensation. G. L. (Ter. Ed.) c. 152, § 41.

1. The evidence warranted the finding that between November 14, 1929, and November 14, 1930, the employee received a personal injury which incapacitated him.

It could have been found that the employee was a granite cutter who had worked at his trade for more than forty years, that, as a result thereof, through stone dust getting into his lungs, he acquired pneumonoconiosis, which totally incapacitated him for work after December 4, 1930, and that such incapacity was the result of a personal injury as distinguished

from disease. *Sullivan's Case*, 265 Mass. 497. *DeFilippo's Case*, 284 Mass. 531. There was medical testimony that the employee's physical condition was the cumulative effect of his years of work as a granite cutter and the inference was warranted that his work between November 14, 1929, and November 14, 1930, contributed to this effect. He testified, moreover, that he "first noticed he was having trouble six months or so before he quit work." And there was medical testimony from which it could have been found that the employee's exposure to stone dust in his work after November 14, 1930, had no appreciable effect upon his physical condition and that this condition would have resulted if he had not worked after that date.

Where a personal injury results from the cumulative effect of the "tangible impact of particles of granite upon the lungs of the employee" (*Sullivan's Case*, 265 Mass. 497, 499) over a period of time, the injury occurs when this cumulative effect becomes "so great as to cause incapacity for work." *DeFilippo's Case*, 284 Mass. 531, 534, and cases cited. *Crowley's Case*, 287 Mass. 367, 371. On the evidence in this case it could be found that this point was reached between November 14, 1929, and November 14, 1930, when the insurer was on the risk, that the cause of the employee's incapacity became complete and his injury occurred between those dates, and that the employee's later exposure to stone dust while working bore no causal relation to his injury and resulting incapacity. It could be found that the employee's work after November 14, 1930, was not an independent intervening cause breaking the causal connection between his previous employment and his injury or between his injury and his incapacity. See *Panagotopulos's Case*, 276 Mass. 600, 605; *Crowley's Case*, 287 Mass. 367, 375–376.

The fact that the employee continued to work for a short time after the cause of his incapacity became complete did not as matter of law require a finding that his injury did not occur until, because of incapacity, he ceased working. Personal injury and incapacity for work are not equivalent terms and incapacity for work which is the final result of injury

does not necessarily begin when the injury occurs. *Carroll's Case*, 225 Mass. 203, 207. Cases in which it has been held that the board was warranted in taking the date incapacity began as the date of the injury are cases where there was no finding of the exact date of the injury (*Atamian's Case*, 265 Mass. 12, 16) or where there was evidence that the cause of the injury was cumulative, as here, and, furthermore, that the employment continued to be a contributing cause of such injury up to the date incapacity began. See *Johnson's Case*, 217 Mass. 388; *Bergeron's Case*, 243 Mass. 366; *Johnson's Case*, 279 Mass. 481. Where, in the case of a cumulative cause of injury, there has been a change of insurer, it has been deemed essential that the employee, in order to establish the liability of the later insurer to pay compensation, prove the existence of a causal relation between the employment during the period covered by its policy and the employee's injury. *Fabrizio's Case*, 274 Mass. 352. *Langford's Case*, 278 Mass. 461, 463. *DeFilippo's Case*, 284 Mass. 531, 534. The implication is that where no such causal relation exists the employee's injury which results in his incapacity is to be regarded as having occurred prior to that period and not at the date incapacity began.

2. The evidence warranted the finding that the insurer was not prejudiced by want of notice of the injury.

The workmen's compensation law provides that "No proceedings for compensation for an injury shall be maintained unless a notice thereof shall have been given to the insurer or insured as soon as practicable after the happening thereof," requires that the notice be in writing and prescribes the matters to be stated therein. G. L. (Ter. Ed.) c. 152, §§ 41-44. Apparently the statutory notice was not given in this case. But the law provides also that "Want of notice shall not bar proceedings, if it be shown that the insurer, insured or agent had knowledge of the injury, or if it is found that the insurer was not prejudiced by such want of notice." (§ 44.)

The single member found, in substance, that the insurer was not prejudiced by want of notice of the injury (see *Barry's Case*, 240 Mass. 409, 412), and the board on review

did not revise this finding (see G. L. [Ter. Ed.] c. 152, § 10), but made a general finding in favor of the employee consistent therewith. See *Paterno's Case*, 266 Mass. 323, 327.

The burden of proving that the insurer was not prejudiced by want of the statutory notice of the employee's injury was on the employee. But this burden could be sustained by warrantable inferences from the circumstances of the case without evidence specifically directed to disproving particular forms of prejudice. *Kangas's Case*, 282 Mass. 155, 158.

We cannot say that the evidence and the reasonable inferences therefrom do not support the finding that the insurer was not prejudiced by want of notice of the employee's injury. There was evidence that the employee was absent from work in 1928, 1929 and 1930 for a considerable number of days each year, that the employer's superintendent understood that these absences were on account of the employee's being sick, and knew that the employee stopped work on December 4, 1930, was sick thereafter, and did not return to work when sent for in February, 1931, and that the superintendent made a report in writing on August 25, 1931, to the Industrial Accident Board and to the insurer of the employee's injury and its nature, and the name of the employee's physician. The superintendent, however, testified that before the date of the report "he had no knowledge that the employee was claiming any condition caused by his working" for the employer. There was evidence that after the employee ceased working he was under the care of a physician. In this evidence, the nature of the employee's injury, and the fact that the superintendent was available to testify at the hearing, there was some basis for the inference that want of the statutory notice to the insurer or insured did not prevent adequate investigation of the employee's claim by the insurer, embarrass the insurer in its defence thereto, or prejudice the insurer by lack of opportunity to furnish medical treatment to the employee. *Sullivan's Case*, 241 Mass. 36, 39. *Johnson's Case*, 279 Mass. 481, 484–485. *Gaffer's Case*, 279 Mass. 566, 570–571. *Kangas's Case*, 282

Mass. 155, is distinguishable with respect to the nature of the injury and the length of time which elapsed after the injury before the insurer learned of it.

*Decree affirmed.*