SCHAEFER & COMPANY and others, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Respondents.

*November 15—December 9, 1924.*

*Workmen's compensation: Occupational diseases: Concurrent employers: Apportionment of award: Validity.*

1. The workmen's compensation act, being remedial, is to be liberally construed to carry out its purpose of placing the cost of industrial accidents and diseases upon the industry in which they occur as a result of the industry. p. 319.

2. In view of secs. 102.03 and 102.35, Stats., the apportionment of compensation for tuberculosis, contracted by a tool sharpener employed concurrently by three employers engaged as granite cutters, among such employers on the basis of the number of hours the employee worked for each during the period of incubation of the disease, is authorized under amendments to the workmen's compensation act by chs. 457 and 668, Laws of 1919, extending the act to include occupational diseases. p. 321.    •

3. It seems that any one employer of the workman at the time he became incapacitated by an occupational disease would be liable for the full amount of the award, and therefore no one of his employers has been damaged by its apportionment among them. p. 320.

4. The legislature did not attempt to delegate judicial power to an administrative body in authorizing the commission to apportion the award, as the commission was empowered only to ascertain some questions of fact and apply the existing law. p. 321.

5. The date on which an employee came down with an occupational disease rendering him unfit for work being the date at which liability therefor became fixed, an employer for whom he had worked part time, but for whom he was not working at the time of his incapacity, was not liable.   p. 322.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This was an action to set aside an award of the *Industrial Commission.* Judgment was entered affirming the award of the *Commission,* and plaintiffs appealed.

The award of the *Commission* was based on the compensation act as amended by ch. 457 and ch. 668, Laws of 1919, which provide that the provisions of the compensation act (secs. 2394—1 to 2394—31, inclusive) "are extended so as to include, in addition to accidental injuries, all other injuries, including occupational diseases, growing out of and incidental to the employment."

The appellants assign as errors: that the *Commission* is without authority to enter an award assessing various employers each with a portion of the total liability; that if the law in fact granted such power it would be unconstitutional; that the award does not include all of the employers and

insurance carriers contributing to the incapacity; that the award is not based upon facts; and that there is no evidence justifying the imposition of the liability as determined by the *Commission*.

The cause was submitted for the appellants on the brief of *Roehr & Steinmetz,* attorneys, and *Julius E. Roehr,* of counsel, all of Milwaukee, and for the respondent *Industrial Commission* on that of the *Attorney General, Mortimer Levitan,* assistant attorney general, and *F. C. Seibold,* law examiner.

CROWNHART, J.   The award of the *Industrial Commission* was entered against three employers, each a separate amount, and appellants' first contention is that the *Commission* is without authority to find total compensation and then divide the liability between several employers.

This is a case of first impression.   We are cited to no precedent in this country for the action of the *Commission. Lees v. Waring & Gillow, Ltd.* 127 L. T. J. 498, 2 Butterworth's W. C. C. 474, an English case, is cited as authority for the action of the *Commission,* but it has no bearing. There the act provided for apportioning compensation among employers of the employee for one year prior to the incapacity, and there the employment was not concurrent, as here, but successive.   Here authority of the *Commission* is statutory, but the statutes are remedial and are to be liberally construed to carry out their purpose of placing the cost of industrial accidents and diseases upon the industry in which they occur as a result of the industry.   This principle has been too often affirmed to need citation.

The respondent employee, *Frank Eicher,* was employed as a tool sharpener, concurrently by three separate employers, to which he gave each a portion of his time.   His employers were all granite cutters.   The industries required him to work in air permeated with granite dust, which he breathed into his lungs.   This resulted in producing in the

workman tuberculosis of the lungs, which incapacitated him for labor. The *Commission* found the date of such incapacity to have been December 8, 1922. It also found in effect that *Eicher's* employment as such tool sharpener, from 1919 to the date of his incapacity, gradually broke down his resistance to the disease which resulted as stated. As has been said, during the time the disease had been incubating *Eicher* had been employed part time by each of three employers. Each employer was engaged in the same kind of business and the conditions of employment were substantially the same in each case. The *Commission* found *Eicher* totally incapacitated as of December 8, 1922, and made its temporary award pending the outcome of the disease. It apportioned *pro rata* the amount due and to become due to *Eicher* among the three employers on the basis of the number of hours the employee worked during the period stated. This apportionment corresponded to the exposure of the employee to the causation of the disease. It cannot be contended that the award is not fair and equitable. It is not so contended, as we understand the position of the appellants.

The objection to the award is lack of authority under the law to so apportion the award. The *Commission* is empowered to find the facts. It found the facts as stated. Having found the facts, the award logically and equitably follows as a result of such facts. The appellants were entitled to a judicial review of the *Commission's* proceedings. Sec. 102.23, Stats. 1923. But the court "upon the trial of any such action . . . shall disregard any irregularity or error of the commission unless it be made to affirmatively appear that the plaintiff was damaged thereby." Sub. (2), sec. 102.23, Stats.

It would seem that any employer of *Eicher* at the time he became incapacitated by an occupational disease resulting from such occupation would be liable for the whole amount

of the award. Secs. 102.03 and 102.35, Stats. Sec. 102.03 provides:

*"Conditions of liability.* Liability for the compensation hereinafter provided for, in lieu of any other liability whatsoever, shall exist against an employer for any personal injury accidentally sustained by his employee, and for his death, in those cases where the following conditions of compensation concur:

"(1) Where, at the time of the accident, both the employer and employee are subject to the provisions of sections 102.03 to 102.34, inclusive.

"(2) Where, at the time of the accident, the employee is performing service growing out of and incidental to his employment. . . .

"(3) Where the injury is proximately caused by accident, and is not intentionally self-inflicted."

Sec. 102.35 extends the above quoted provisions to include occupational diseases as heretofore stated.

Manifestly, the appellants have not been damaged by the apportionment of the award, and the trial court's action was correct.

The second contention of the appellants is that if the *Commission's* award was within the legislative intention, then the provisions of the act giving the *Commission* authority are unconstitutional as an attempted delegation of judicial authority upon an administrative body. This court has many times sustained action of the railroad commission as constitutional under conditions trenching much closer on judicial power than the action of the *Industrial Commission* in the instant case. As was said in *Borgnis v. Falk Co.* 147 Wis. 327, 358, 133 N. W. 209, the *Industrial Commission* "is an administrative body or arm of the government which in the course of its administration of a law is empowered to ascertain some questions of fact and apply the existing law thereto, and in so doing acts *quasi*-judicially, but it is not thereby vested with judicial power in the constitutional

sense." We hold the act in question within the constitutional province of the legislature.

Again, it is complained because the award does not include all the employers. This is based on the fact that during a part of the period of the employment *Eicher* worked part time for another employer. But he was not working for such employer at the time he came down with the disease rendering him unfit for work. This was the date at which liability became fixed. The statute says, "where, at the time of the accident," the employee was performing services, etc., and the statute including occupational diseases imports the same construction. This is the construction given the Massachusetts act. *Johnson's Case,* 217 Mass. 388, 391, 104 N. E. 735; *O'Donnell's Case,* 237 Mass. 164, 165, 166, 129 N. E. 353; *Bergeron's Case,* 243 Mass. 366, 137 N. E. 739.

Other objections are made to the award which have received our attention, but we deem them sufficiently covered by what has been said.

*By the Court.*—The judgment of the circuit court is affirmed.