EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY and another, Plaintiffs and Appellants, vs. McCORMICK, Executrix, and others, Respondents: TRAVELERS INSURANCE COMPANY, Defendant and Appellant.

*January 13—April 3, 1928.*

*Workmen's compensation: Action by insurer to set aside award: Functions of industrial commission and of court: Question of fact: When disability occurs: Occupational diseases: Which employer or insurer liable.*

1. The provision of a workmen's compensation policy giving the insurance company the right to represent the employer and requiring it to assume full liability for any award made under the compensation act gave it the right to maintain an action alone to set aside an award against the employer without the latter's consent.  p. 412.
2. The industrial commission is an administrative body or arm of the government which is empowered, in the course of its administration of a law, to find questions of fact and apply the existing law thereto.  p. 412.
3. The question as to when a disability entitling the employee to compensation occurred is one of fact which arises within the realm of the relationship of employer and employee, and the commission has full power to find the facts and to apply the existing law.  p. 413.
4. The commission having found all the facts essential to a determination of the liability of the parties, it was its duty to apply the existing law to such facts and to determine which of several insurance carriers was liable to pay the compensation awarded the disabled employee.  p. 413.
5. If the commission fails properly to apply the existing law to the facts found, it is the duty of the supreme court, on appeal from a judgment setting aside the award, to apply the law and to direct the entry of the proper judgment, under sec. 102.24, Stats.  p. 413.
6. Liability to pay compensation to the employee for an occupational disease, brought within the compensation act by the amendment of 1919 (ch. 668, Laws of 1919, now sec. 102.35, Stats.), becomes fixed as of the date when the employee is disabled from rendering further service, not when the disease had its inception, and the company which had insured the compensation liability at the time the disability occurred is the one that must pay the compensation awarded.  p. 415.

APPEAL from a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Reversed.*

Action begun in March, 1926, by the *Employers Mutual Liability Insurance Company* and *F. W. Suszycki* against *Emma McCormick,* executrix, *Industrial Commission of Wisconsin, Independence Indemnity Company,* and *Travelers Insurance Company,* to set aside an award of the *Industrial Commission.* This appeal was from a judgment setting aside the award entered June 7, 1927.

For the appellants *Employers Mutual Liability Insurance Company* and *Suszycki* there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

For the appellant *Travelers Insurance Company* there were briefs by *Olin & Butler,* and oral argument by *B. H. Stebbins,* all of Madison.

For the respondent *Independence Indemnity Company* there was a brief by *James T. Drought,* attorney, and *Ralph J. Drought,* of counsel, both of Milwaukee, and oral argument by *James T. Drought.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

The following opinion was filed February 7, 1928:

STEVENS, J. No question is raised by any party as to the amount of the award or as to the right of the applicant to recover compensation. The sole question presented is which of the three insurance companies that were successively the carriers of the compensation risk of the applicant's employer is liable to pay the compensation awarded.

The *Industrial Commission* awarded compensation against the employer alone. It expressed doubt as to whether it should determine which insurance carrier should pay the award.

The trial court set aside the award and remanded the rec-

ord to the *Industrial Commission* with directions that the *Commission* find when the applicant contracted tuberculosis, and also what effect, if any, his employment from the date when the last policy was issued to the date of disability had upon his physical condition and ultimate death.

The fact that the employer did not consent to the commencement of this action or to the prosecution of this appeal is not material, because the contract of insurance issued by the plaintiff carrier gave it the right to represent the employer and made it the duty of the carrier to fully assume liability for any award of compensation made against the employer. This provision of its policy gave the plaintiff insurance carrier, standing in the shoes of and representing the employer, the right to maintain an action to set aside the award against the employer. Whether the insurance carrier would have a right to maintain such an action in the absence of such a provision in its policy, when no award is made against it, is a question which is reserved for future determination.

The *Industrial Commission* is "an administrative body or arm of the government which in the course of its administration of a law is empowered to ascertain some questions of fact and apply the existing law thereto." *Borgnis v. Falk Co.* 147 Wis. 327, 358, 133 N. W. 209.

Exercising the power conferred upon it, the *Commission* found that "on May 6, 1925, the applicant became disabled because of a disease contracted because of his employment; . . . that as a result of such disease the applicant has been totally disabled to date and will continue to be so disabled for some time in the future."

The insurance carriers do not question the fact that their policies must be "construed to grant full coverage of all liability" of the employer as required by sub. (1) of sec. 102.31 of the Statutes. The only question raised is which

carrier is liable to pay the compensation. That turns upon the question of when the disability occurred which entitled the applicant to compensation. The question when that disability occurred is one of fact which arises within the realm of the relationship of employer and employee,—a realm where the *Industrial Commission* had been given full power to find the facts and to apply the existing law to determine the liability of an insurance carrier for compensation awarded against an employer. In granting to the *Commission* the power to find the facts and to apply the law, the legislature has not vested the *Commission* with judicial power in the constitutional sense. *Borgnis v. Falk Co.* 147 Wis. 327, 358, 133 N. W. 209.

All facts essential to a determination of the liability of the parties to this action have been found by the *Commission*. Under its findings and under the undisputed facts in this case, it was the duty of the *Commission* to apply the existing law to the facts found by it and to determine which insurance carrier was liable to pay the compensation awarded to the applicant. If the *Commission* has failed to properly apply the existing law to the facts found, it is the duty of this court to apply the law and to direct the entry of the proper judgment. Sec. 102.24, Stats.

The *Commission* having found, upon undisputed proof, that the applicant became disabled during the time that the compensation liability of the employer was insured by the policy issued by the *Independence Indemnity Company*, the case presents the single question of law whether the liability to pay compensation for an occupational disease becomes fixed as of the date when the disease so disabled the employee that he was incapacitated from continuing to perform services for his employer.

Occupational diseases were brought under the compensation act by the amendment of 1919, which extended the scope

of the workmen's compensation act "so as to include, in addition to accidental injuries, all other injuries, including occupational diseases, growing out of and incidental to the employment." Sec. 102.35, Stats. This amendment extended the scope of the workmen's compensation act, but left the respective rights, duties, and obligations of the employer, the employee, and the insurance carrier to be determined under statutory provisions which were framed with the thought that there would always be a definite date—that of the accident—which would be the basis for determining liability. This is illustrated by sec. 102.12, which requires the applicant to give notice of claim for compensation within thirty days after the occurrence of the accident, and by sub. (1) (a) of sec. 102.09, Stats., which requires the employer to furnish medical and hospital treatment for ninety days immediately following the accident.

"In the case of an occupational disease arising in the course of his employment, the employee could not give such notice until incapacity had resulted." *Hines v. Norwalk Lock Co.* 100 Conn. 533, 540, 124 Atl. 17, 20. Unless the date when the employee is disabled from rendering further service be taken as the date that determines liability, it will be very difficult to administer the workmen's compensation act so far as disability resulting from occupational disease is concerned. The protection of the rights of both the employer and the employee requires that liability be fixed as of that date. If liability must be determined as of the date when the disease had its inception, the employee would be under the necessity of giving notice of every slight ailment which might be the incipient stage of some occupational disease that might cause disability at some more or less distant future time, and the employer would be put to the needless expense of investigating all such notices of claims.

Unless the workmen's compensation act be construed to

permit the giving of notice of claim for compensation for disability resulting from occupational diseases within thirty days from the date of disability, employees who are entitled to compensation because of disability caused by such diseases might find their claims barred by the failure to give this thirty-day notice, because the inception and progress of most occupational diseases is insidious and slow. Their inception would be a matter difficult to determine and must in most cases be left to the opinion of experts who can never have definite knowledge as to the date when the disease had its inception.

This court determined the very question here presented in *Schaefer & Co. v. Industrial Comm.* 185 Wis. 317, 322, 201 N. W. 396, where the court had under consideration a case where tuberculosis resulted, as it did in this case, from the gradual breaking down of resistance from breathing granite dust for a period of years previous to the time when applicant was so disabled he could not continue his occupation. In that case applicant had worked for another employer during the period that elapsed after tuberculosis had its inception and while the resistance of the applicant was gradually being broken down. In determining that this former employer was not liable for compensation the court said: "But he was not working for such employer at the time he came down with the disease rendering him unfit for work. This was the date at which liability became fixed. The statute says, 'where, at the time of the accident,' the employee was performing services, etc., and the statute including occupational diseases imports the same construction." *Schaefer & Co. v. Industrial Comm.* 185 Wis. 317, 322, 201 N. W. 396.

The company that had insured the compensation liability at the time disability occurred is the one that must pay the compensation awarded. This rule will work no injustice to

any individual carrier or employer because the law of averages will equalize burdens imposed by this act among the employers and the compensation insurers of the state.

*By the Court.*—Judgment reversed. Cause remanded with directions to enter judgment awarding compensation against the employer and the *Independence Indemnity Company.*

A motion for a rehearing was denied, without costs, on April 3, 1928.