MONTELLO GRANITE COMPANY, Respondent, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Appellants.

*November 10—December 4, 1928.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent there was a brief by *McNamara & McNamara* of Montello, and oral argument by *Vincent F. McNamara.*

DOERFLER, J.   It is conceded by counsel that the sole issue herein involved consists of whether an employee afflicted with an occupational disease from which he becomes disabled after the employer has duly withdrawn from the compensation act, is entitled to compensation, notwithstanding the finding of the commission that the disease was contracted long prior to the manifestation of the disability, and while both employer and employee were subject to the act.

Sec. 102.03, Stats. 1925, among other things provides as follows:

"Liability for the compensation hereinafter provided for, in lieu of any other liability whatsoever, shall exist against an employer for any personal injury accidentally sustained by his employee, and for his death, in those cases where the following conditions of compensation concur:

"(1)  Where, at the time of the accident, both the employer and employee are subject to the provisions of sections 102.03 to 102.34, inclusive."

Sec. 102.35, Stats. 1925, provides:

"The provisions of sections 102.01 to 102.34, both inclusive, are extended so as to include, in addition to accidental

injuries, all other injuries, including occupational diseases, growing out of and incidental to the employment."

It will be observed that sub. (1) of sec. 102.03, above quoted, requires as a condition of compensation that at the time of the accident both the employer and employee be subject to the compensation act. In *Schaefer & Co. v. Industrial Comm.* 185 Wis. 317, 201 N. W. 396, it was held, in substance, that the date of the accident is fixed by the time when the employee becomes disabled, so that in the instant case the date of disability would be August 24, 1926. The employer, the plaintiff, duly withdrew from the compensation act on the 1st of July, 1926. Therefore the principal condition which underlies compensation, in accordance with sub. (1) of sec. 102.03, was nonexistent at the time of the disability.

It also appears that such an occupational disease has its inception at a time long before it makes itself manifest to the employee, so that there may be an interval of many years between the inception and the disability.

The workmen's compensation act is statutory in its origin, and whatever rights employees have in regard to compensation accrue solely by virtue and under the provisions of the statute. *Anderson v. Miller Scrap Iron Co.* 169 Wis. 106, 170 N. W. 275, 171 N. W. 935. The general scheme of the act is set forth in secs. 102.03 to 102.34, inclusive, of the Statutes. As a part of this statutory scheme the employee is required to give notice of his disability. The period of such notice is limited in order to enable the employer to determine whether the claim is a *bona fide* one, and to afford him an opportunity to examine into the facts concerning the injury and the extent of such injury, and all other necessary facts involved in a compensation claim. In other words, the statutory provisions of the compensation act were framed "with the thought that there would always be a definite date —that of the accident—which would be the basis for de-

termining liability." *Employers Mut. L. Ins. Co. v. Mc-Cormick,* 195 Wis. 410, 414, 217 N. W. 738, 739. The decision in the *McCormick Case* was largely based upon the *Schaefer Case, supra.*

The *McCormick Case* arose under facts materially different from those existing in the instant case. In that case, during the period between the inception of the disease and the disability the risk was insured by three successive insurance carriers, so that the vital issue which was determined in that case consisted of an adjudication as to the insurance carrier or carriers to be held liable; and in that case it was held that the insurer whose policy covered the period when disability occurred was obligated to pay the award. It was also said in that case that while an injustice may result from such holding, in the course of time, through the operation of the law of averages, this particular injustice will largely be righted. The holding in the *McCormick Case* was necessary not only under the express provisions of the statute, but also in order that the legislation might be deemed practical and workable.

But while the facts in the *McCormick Case* and the instant case are radically different, the vital principles involved are the same. The employment during the period covered by the carrier who last assumed the risk contributed less to disability than that of any of the other preceding carriers, so that from a moral standpoint the claim was properly made that the compensation should be distributed among all of the carriers. This, however, could not be done, in view of the provisions of the statutes heretofore quoted and referred to.

Unfortunately, the conclusions of the lower court in the instant case preclude the applicant from the recovery of compensation. But the Industrial Commission is an administrative body, and is required to administer the law as it finds it, and the courts must construe the statutes in the form in which they are enacted, when the provisions thereof are plain and unambiguous. To do otherwise would be equivalent to

an invasion of the legislative field. In the enactment of legislation designed to cover the vast field of the compensation act, it is nigh impossible to anticipate and provide for all of the various complicated situations which might arise during the period of its administration. The defects in the present legislation, pertinent to the facts herein involved, may be readily remedied, and unquestionably will receive the prompt attention of the legislature; but until that time it is our duty to construe the law as we find it. The opinion in the *McCormick Case* declares the principles herein involved so clearly and forcibly and is based upon such sound logic that no further comment herein appears to be necessary.

*By the Court.*—The judgment of the lower court is affirmed.