HAYES, Plaintiff and Respondent, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Defendants: AJAX RUBBER COMPANY and another, imp., Appellants.

*April 30—October 14, 1930.*

*Charles H. Gorman* of Milwaukee, for the appellants.

For the respondent Hayes there was a brief by *H. L. Potter* and *Olin & Butler,* and oral argument by *Byron H. Stebbins,* all of Madison.

For the Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

The following opinion was filed June 23, 1930:

FAIRCHILD, J.   The purpose of the workmen's compensation legislation is to place the burden of payment for disability resulting from accident and occupational disease upon the industry which caused the disability.   There must be some causal relationship between the accident or the disease and the work of the employment.   There is no rule of law which attempts to shift this burden to a subsequent employer who has in no way caused or contributed to the disability, accident, or disease.   The contention that a rule has been suggested in *Schaefer & Co. v. Industrial Comm.* 185 Wis. 317, 201 N. W. 396; *Employers Mut. Life Ins. Co. v. McCormick,* 195 Wis. 410, 217 N. W. 738, and *Montello*

*Granite Co. v. Industrial Comm.* 197 Wis. 428, 222 N. W. 315, that sec. 102.35, Stats., does not require as a condition to compensation that an occupational disease causing disability must have been contracted or contributed to in the employment of the employer for whom the employee was working when he became disabled, is not borne out by the cases. They are readily distinguishable from the case at bar. In *Schaefer & Co. v. Industrial Comm.* 185 Wis. 317, 201 N. W. 396, the liability for compensation was apportioned among the three employers of the workman at the time he became incapacitated, and the court used this language: "The apportionment corresponded to the exposure of the employee to the causation of the disease." Obviously the court used the term "exposure to the causation of the disease" as identical with causation. If, after the germs of the disease had been firmly planted by his employment by these three employers, but before its activity had caused disability, he had left their employ and engaged in some other employment in the open air and under conditions that could not possibly create or expose him to the causation of the disease, the subsequent employer could not be charged with the duty of paying the compensation.

In *Employers Mut. Life Ins. Co. v. McCormick,* 195 Wis. 410, 217 N. W. 738, the sole question involved was which of three insurance carriers was liable for the payment of compensation. There the court was considering merely the liability between the successive insurance carriers and not passing upon the liability of successive employments.

The *Montello Granite Company Case* did not treat with a proposition at all similar to the one here.

These cases do not consider the problem now presented and are not authority for the proposition that an industry which neither causes nor aggravates, nor does anything to accelerate an industrial disease which was contracted in an

entirely different industry or employment, must pay compensation merely because the disability occurs during that employment.

The plaintiff was employed by the Ajax Rubber Company from December, 1924, to April, 1926, and while so employed became incapacitated and was known to be suffering from multiple peripheral neuritis due to lead absorption. The commission found, upon sufficient evidence, that lead poisoning is recognized as an occupational disease connected with the manufacture of rubber, but the particular department and work engaging plaintiff was removed effectually from that danger.

It appears that plaintiff for about eighteen years, interrupted by intervals of general labor, was engaged in painting, an occupation in which lead poisoning sometimes develops; that his work with the Ajax Rubber Company consisted in handling tires and preparing them for the vulcanizers; that in the condition in which the tires were at the times plaintiff was handling them, the minute quantity of lead in them was so incorporated in the rubber that the possibility of absorption either through the respiratory system, or through the skin or otherwise, was too remote to be considered. The commission concluded that the plaintiff absorbed poison before taking employment with the Ajax Rubber Company and that his employment there did not cause, aggravate, or accelerate the disease.

This being sustained by the evidence, the decision of the commission should have been affirmed. *McCarthy v. Sawyer-Goodman Co.* 194 Wis. 198, 215 N. W. 824.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with instructions to affirm the order of the Industrial Commission.

A motion for a rehearing was denied, with $25 costs, on October 14, 1930.