In the Matter of the Claim of JOSEPH F. GRAEF, Administrator, etc., of ELIZABETH GRAEF, Arising Out of the Total Disability of OTTO GRAEF, Deceased, Appellant, against A. ARON, INC., and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— The sole question raised on this appeal is one of notice of injury. Notice of injury was not given, and the State Industrial Board has refused to excuse the failure to give notice. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of CHARLES L. JACOBI, Respondent, against SUPREME JUNIOR COAT CO., INC., and Another, Respondents, and JACOB SAMUELSON & COMPANY, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant, a traveling salesman, worked for two employers. For one he sold " Missy " coats; for the other " women's stout " coats. Award was made against each of the employers; one appeals. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of MAE BETTINGER, Respondent, against FEDERAL CONCRETE CO., INC., and FORREST S. HART & SON, INC., Alleged Employers, Jointly and Separately, and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The Federal Concrete Co., Inc., manufactured materials for silos. The Forrest S. Hart & Son corporation was a subsidiary selling corporation, whose voting stock was all owned by the parent corporation. The claimant was a traveling salesman under a contract of employment between himself and the subsidiary corporation. While driving an automobile in his employment as a salesman he sustained injuries which caused his death, for which an award for death benefits has been made against both corporations. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of PHILIP EXELBERT, Appellant, against KLEIN & KAVANAGH, INC., and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— The employer contracted to pay employee for his time and the expense of transportation from his home to the place of employment and return. The time of employment was eight hours per day. The injury was received during the hours of employment and while upon a conveyance which he was directed to take by his employer and for which the employer paid the fare. Decision reversed, with costs to the claimant against the State Industrial Board, and matter remitted for an award to claimant. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.