HARNISCHFEGER CORPORATION and another, Appellants, vs.
INDUSTRIAL COMMISSION and another, Respondents.

*January 9—February 4, 1936.*

For the appellants there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *C. J. Otjen*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan*.

FOWLER, J. This is an industrial compensation case. An award was made by an examiner and confirmed by the Industrial Commission and again confirmed by the circuit court in the action brought to set it aside. The disability found resulted from silicosis. The commission found that the applicant became afflicted with silicosis while in the employment of the plaintiff company because of the nature of his work as a sand blaster.

The appellants claim: (1) That the employee received no compensable disability while the relation of employer and employee existed; and (2) that the two-year statute of limitation, sec. 102.12, Stats., has barred the claim.

(1) The employee had worked in foundries intermittently, in approximately six months' periods, a total of nine years. He had worked in the appellant Harnischfeger Corporation's foundry at different times three months in the spring of 1926; two months in fall of 1926; two weeks in September, 1927; three months, December, 1927, to March, 1928; four days in January, 1930; and the last time, March 2, 1931, until July 6, 1931, when he was paid off and discharged. He put in no time from June 30th to July 6th. The applicant testified that in July, 1931, he "got sick," "stayed home one week," "spit blood," and went back for work on August 6th, and work was refused him. This evidence, with that of physicians as to his silicosis, warrants the conclusion drawn by the commission that the applicant became afflicted with

silicosis while in the Harnischfeger Corporation's employment. The applicant was probably wrong as to the precise date of the sickness referred to, but this does not render incredible his testimony as to his sickness and its symptoms during the last part of his employment.

(2) The applicant gave the date of his sickness during the last part of his employment with plaintiff as "last July, 1931," and testified that he was home sick "the last of July, 1931, to August 6, 1931." He made no claim for compensation until September, 1933. He claims he told his foreman and the company nurse about his sickness. But sec. 102.12, Stats., provides that "regardless of whether notice was received, if no payment of compensation . . . is made, and no application filed with the commission within two years . . . from the date the *employee . . . knew or ought to have known the nature* of the disability and its relation to the employment, the right to compensation therefor shall be barred." The appellants contend that this statute bars the claim.

No application was filed within the two-year period prescribed by the statute and no payment of compensation was made. The commission found as basis of its ruling that the statute quoted did not bar the claim "that respondent [employer] was not misled, and there was no intention to mislead the respondent [employer], by any failure on the part of the applicant to give notice of injury in accordance with the provisions of sec. 102.12, Stats." This part of its finding is entirely beside the case, as the two-year statute of limitation applies regardless of notice. The commission further found:

". . . That applicant did not know the nature of his disability and its relation to his employment until the latter part of August or the early part of September, 1933, and could not have given notice prior to that time; that because of his . . . lack of knowledge of the effects of the inhalation of silica dust and the difficulty generally of determining a silicotic condition, it cannot be found that applicant ought to

have known the nature of his·disability and its relation to his employment until August or September, 1933, even though applicant *thought prior to July 6, 1931,* that his employment was causing him disability."

This finding of the commission, on the face of it, impeaches itself. It contradicts the finding that the applicant "did not know and ought not to have known the nature of his disability and its relation to his employment" prior to July 6, 1931. It concedes that he "thought" that this employment was causing him disability. If he so thought, he must be held to have known "the nature of his disability and its relation to his employment." That he "so thought," and that he did so know or ought to have so known, is clear and without dispute from his own testimony. The longest he worked at any one place was seven to eight months. This was because he was afraid he would get sick. A friend told him when he first began sandblasting it would hurt his lungs. For the whole period he knew sandblasting was dangerous and might make him sick. In answer to the following question put by the examiner, he answered as follows:

"*Q.* And when was the first time you knew you were sick on account of [sandblasting] that? *A.* I tell the company I am sick and they take me from job."

He changed from one job to another because he was afraid he would get sick. This is iterated and reiterated by the applicant through pages of his testimony. He told the foreman and the nurse of his sickness in July, 1931, and that it came from his work. He then "felt short of breath." "And I don't want to work for fraid it kill it me." He so told the nurse at that time. He so thought at that time. He then so told his landlady and his friend. He thought his choking up came from the red-hot castings. He knew his sickness came from his job. He repeated many times that he knew this sickness, which is the basis of the finding of disability during employment, came from his job. He had pain

in the chest and "got it for work," from "the dust" at work. Fifteen pages of appellants' brief are taken up with the testimony of the applicant. All of it is to the effect that the applicant well knew that his sickness, his lung trouble, came from his work. We cannot permit the commission's finding that he did not know and ought not to have known what the applicant himself claims and reiterates innumerable times in his testimony that he did know. There is no evidence whatever to support the commission's finding in that regard. The statute of limitation referred to barred the claim, and the judgment of the circuit court is reversed.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded to the circuit court, with instructions to enter judgment vacating the award of the Industrial Commission.