UNIVERSAL GRANITE QUARRIES COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*April 9—April 27, 1937.*

For the appellants there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *Ray C. Dempsey.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Earl Kileen* of Wautoma, argued orally for the respondent Swan Anderson.

ROSENBERRY, C. J. The finding of the commission that Anderson did not know that he had silicosis and its relation to his employment until the latter part of 1934, cannot be sustained in view of the undisputed testimony of the claimant himself. It appears that he had never lost any time down to the time he left his work to be operated upon for his prostate trouble. He said:

"Stone dust caused my sickness. I first find it out in 1932, but I had that feeling for 1930 and 1931, when I get weaker, but I don't know at that time where my trouble was before I break down. I found out it was silicosis in December, 1934. In 1932 I just guessed that stone dust caused my sickness."

He further testified: "I was first aware that I had lung trouble, shortness of breath, cough, in the middle of the summer, 1930. I don't know anything about silicosis. Little cough and spitting and getting weaker condition. . . . I lost time at my work in 1930 by sitting down on the job. . . . And then in 1931, of course, I wasn't working for a while, so I was worser yet. I was worser, and I felt weaker when I start to work in August, 1931, and I keep on same way in my feeling, coughing now and then, sitting down on my working, lose about one-third time on my work day."

There was other testimony to the same effect.

It is quite true that claimant probably knew nothing about silicosis, but he knew about stone dust and thought that was the cause of his difficulty. He did not understand fully the physiological action of stone dust in 1930 and 1931, probably does not understand it yet, but he knew that stone dust was causing his trouble, and must have known that stone dust was connected with his employment for he had worked for forty years at the same kind of work. That stone dust causes lung trouble is a matter of common knowledge of which judicial notice is taken. *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* (1930) 203 Wis. 135, 233 N. W. 772. Failing to make claim for compensation within two years from the time when he became aware of his condition and the cause of it, his claim is barred. Sec. 102.12, Stats.

The judgment must be reversed for the reasons stated in *Harnischfeger Corp. v. Industrial Comm.* (1936) 220 Wis. 386, 265 N. W. 215. See also *Massachusetts Bonding & Ins. Co. v. Industrial Comm.* (1933) 211 Wis. 52, 247 N. W. 343.

The result in this case is due to a defect in the statute called to the attention of the legislature as early as 1928. *Montello Granite Co. v. Industrial Comm.* (1928) 197 Wis. 428, 432, 222 N. W. 315, where speaking for the court Mr. Justice DOERFLER said:

"The defects in the present legislation, pertinent to the facts herein involved, may be readily remedied, and unquestionably will receive the prompt attention of the legislature."

The defect was not remedied, however, until 1933, too late to benefit the claimant in this case, who sustained his disability as early as 1931 or possibly in 1930.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to enter judgment setting aside the award.