In the Matter of the Claim of GRANT STEVENS, Respondent, against HULL GRUMMOND & Co., INC., et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Argued April 21, 1937; decided April 30, 1937.

*F. A. W. Ireland* for Hull Grummond & Co., et al., appellants. While the injury was sustained in the course of employment of the employee by Hull Grummond & Co., it did not arise out of such employment. (*Matter of Giliotti* v. *Hoffman Catering Co.*, 246 N. Y. 283.) If the court holds that the injuries arose out of and in the course of the joint employment, the order of the Appellate Division affirming the award against each employer equally should be affirmed. (*Matter of Green* v. *Shaner*, 225 App. Div. 713.)

*Walter D. Smith* for Whipple, Inc., et al., appellants. The evidence in behalf of the claimant does not support the finding that claimant was an employee of the Whipple Company within the meaning of the Workmen's Compensation Law (Cons. Laws, ch. 67). He was an independent contractor. (*Matter of Beach* v. *Velzy*, 238 N. Y. 100; *Ball* v. *Bertelle*, 201 App. Div. 768; *Hexamer* v. *Webb*, 101 N. Y. 377; *Matter of Dutcher* v. *Victoria Paper Mills Co.*, 219 App. Div. 541; *Greenberg* v. *Sommer*, 216 App. Div. 416.) If the court holds that the relation of independent contractor does not exist and that, in view of the finding of joint employment, the award cannot be made solely against Hull Grummond & Co., it should be apportioned on an equitable basis, determined by the relative services and corresponding wages paid by each employer to the claimant. (*Rahm* v. *Buffalo, Lockport & Rochesier R. R. Co.*, 217 App. Div. 711; *Keenley* v. *New York University & Bellevue Hospital*, 229 App. Div. 819; *Bauer* v. *Fisher & Voorheis*, 217 App. Div. 702; *Hudson* v. *Whitridge*, 242 App. Div. 742; *Matter of Wickham* v. *Glenside Woolen Mills*, 252 N. Y. 11; *Matter of Geliotti* v. *Hoffman Catering Co.*, 246 N. Y. 279; *Matter of McCarter*

v. *LaRock*, 240 N. Y. 282; *Matter of Filitti* v. *Lerode Homes Corp.*, 244 N. Y. 291; *Matter of Connelly* v. *Samaritan Hospital*, 259 N. Y. 137; *Matter of Jacobi* v. *Superior Junior Coat Co.*, 268 N. Y. 654; *Cohen* v. *Rothstein & Pitofsky*, 176 App. Div. 35; *Matter of Anderson* v. *Babcock & Wilcox Co.*, 256 N. Y. 146.)

*John J. Bennett, Jr., Attorney-General* (*Leon Freedman* of counsel), for State Industrial Board, respondent. The Industrial Board properly made the award against both employers. (*Matter of Moochler* v. *Herrick & Son*, 272 N. Y. 545; *Matter of Jacobi* v. *Supreme Junior Coat Co.*, 268 N. Y. 654; *Green* v. *Shaner*, 225 App. Div. 713; *Marshall* v. *Hunt*, 230 App. Div. 797; *Vogel* v. *Clifford*, 245 App. Div. 874; *Rice* v. *Stoneham*, 254 N. Y. 531; *Rahm* v. *Buffalo, L. & R. R. R. Co.*, 217 App. Div. 711; *Matter of Pierce* v. *Bowen*, 247 N. Y. 305.)

HUBBS, J. Claimant was employed by Hull Grummond & Co., Inc., and Whipple, Inc. For the former he acted as night watchman, receiving wages of eighteen dollars per week, and during the time of his employment he did certain cleaning up for Whipple, Inc., a lessee of Hull Grummond & Co., Inc., for which services he received two dollars and fifty cents per week. An award of compensation has been made against both employers, to be divided equally, resulting in a requirement on the part of Whipple, Inc., and its carrier of a payment of four dollars and sixty cents per week, whereas the wages paid amounted to only two dollars and fifty cents per week.

Hull Grummond & Co., Inc., contends on this appeal that while the injury was sustained in the course of employment of the employee by Hull Grummond & Co., Inc., it did not arise out of such employment. In that respect only a question of fact was involved which has been decided in favor of the respondent.

It is the contention of appellants Whipple, Inc., and the State Insurance Fund, its carrier, first, that the evidence does not support the finding that Stevens was

an employee of Whipple, Inc. That likewise is a question of fact, supported by evidence, decided against appellants' contention. They further contend that if an award against them is proper, it should have been upon the basis of the proportion of the wages paid by Whipple, Inc., to the total wages received, which would result in an award against Whipple, Inc., for one dollar and twelve cents and against Hull Grummond & Co., Inc., for eight dollars and eight cents per week. In this contention the appellants Whipple, Inc., and State Insurance Fund are correct, in view of the finding that at the time of the accident the employee was engaged in the service of both employers. The case cannot be distinguished from *Matter of Jacobi* v. *Supreme Junior Coat Co.* (268 N. Y. 654). The respondent State Industrial Board seeks to distinguish that case from the case at bar on the ground that there an employee regularly engaged in selling cloth coats was making a trip on which he was selling goods for that concern as well as another and was injured in an automobile accident. Here, as there, the employee was available for work for both employers and had not temporarily in part or otherwise left the employment of either. He was a night watchman, required to be in the building for the purpose of protecting the property for the benefit of Hull Grummond & Co., Inc., his employer, and while engaged in that work he was doing cleaning for Whipple, Inc., his other employer, which necessitated the operation of an elevator, the operation of which was a part of his employment by Hull Grummond & Co., Inc.

The order of the Appellate Division and the award of the State Industrial Board should be modified in accordance with this opinion and, as so modified, affirmed, with costs in this court and in the Appellate Division to Whipple, Inc., against Hull Grummond & Co., Inc., and Globe Indemnity Co

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.