In the Matter of the Claim of JOSEPH CYRUS, Respondent, against MODART CONSTRUCTION Co., INC., et al., Appellants, and JUNCTION HOMES, INC., et al., Respondents.
WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 26, 1954.

*Seymour J. Bernstein* and *Bernard Helfenstein* for Modart Construction Co., Inc., and another, appellants.

*Ralph S. Stowell* and *Joseph D. Edwards* for Junction Homes, Inc., and another, respondents.

*Nathaniel L. Goldstein, Attorney-General,* for Workmen's Compensation Board, respondent.

*Per Curiam.* The only issue on this appeal is the propriety of the joint award of compensation against Junction Homes, Inc. (hereafter referred to as Junction), and Modart Construction Co., Inc. (hereafter referred to as Modart), and their respective insurance carriers, instead of solely against Junction and its insurance carrier.

Junction had constructed five houses, which were at the sale stage. Modart was constructing about forty houses on property immediately adjacent to Junction. Both corporations required a night watchman. Apparently an agreement had been reached between them that they would hire the same man. The newspaper advertisement by Junction's agents was answered by claimant. He was there told that he must be interviewed by Modart's representative, who had to be satisfied that he could perform the duties required of him by both employers before he could be hired. He was taken by Junction's representative to Modart's office for the interview, as a result of which he was hired by both. His pay was to be $60 per week, each employer paying $30. His duties involved keeping watch simultaneously

over the premises of both corporations, which he described as "all in one row. One minute I'd be on one job and the next minute I'd be on the next."

Claimant worked for two days. It rained on the night he was injured. From Modart's property he noticed open windows in one of Junction's houses. He talked to Modart's representative and asked if anyone was working in the house. Receiving a negative answer, he went to the house to close the windows. He fell while descending the basement stairs and received the injuries for which he was awarded compensation. The decision of the Workmen's Compensation Board awarded compensation against both corporations as joint employers to be paid in equal amounts. Modart and its insurance carrier have appealed to this court contending that, as the employers were distinct and unrelated corporations and as claimant was injured in Junction's house, liability should be found solely against the latter corporation and its carrier.

Both employers contracted with claimant. He was to and did simultaneously perform the work of both under the control of both. These are characteristics of a joint employment. (Larson on Workmen's Compensation Law, § 48.40.) The simultaneity of the rendition of services to both employers is clear and distinct here. The properties were adjacent, "all in one row." When on either property at any time during his working hours, he was acting within the area and scope of his joint employment. As he said, "One minute I'd be on one job and the next minute I'd be on the next." We find nothing in the record indicating any degree of separability in the performance of claimant's duties.

Though counsel suggest the lack of cases in this State exactly in point, two presenting situations somewhat analogous to this deserve consideration. In *Matter of Jacobi* v. *Supreme Junior Coat Co.* (243 App. Div. 839, affd. 268 N. Y. 654), claimant, a traveling salesman, was injured while driving his automobile on a selling trip, carrying samples of women's coats of two corporate manufacturers. An award against both employers was affirmed. *Matter of Stevens* v. *Hull Grummond & Co.* (274 N. Y. 227) involved an award (as well as its proper apportionment) in favor of a night watchman who, while employed as such by Hull Grummond, did cleaning for its tenant, Whipple, Inc. Writing for a modification of the joint award against both employers upon the basis of the proportion of the wages paid by Whipple, Inc., to the total wages received, and stating that the case could not be distinguished from *Matter of Jacobi* v.

*Supreme Junior Coat Co. (supra)*, Judge Hubbs said (p. 230), '' Here, as there, the employee was available for work for both employers and had not temporarily in part or otherwise left the employment of either. He was a night watchman, required to be in the building for the purpose of protecting the property for the benefit of Hull Grummond & Co., Inc., his employer, and while engaged in that work he was doing cleaning for Whipple, Inc., his other employer, which necessitated the operation of an elevator, the operation of which was a part of his employment by Hull Grummond & Co., Inc.''

*Matter of Moochler* v. *Herrick & Son* (247 App. Div. 841, affd. 272 N. Y. 545) is not pertinent to this inquiry, the appeal appearing to have been pressed on the contention that claimant, as night watchman for appellants and various others, was an independent contractor.

Authorities of other jurisdictions are cited by both parties to this appeal. In *Murphy Supply Co.* v. *Industrial Comm. of Wisconsin* (206 Wis. 210) there was an affirmance of an award made in favor of a night watchman working for two employers, but solely against the employer on whose premises the injury occurred. A distinguishing feature is that the respective places of employment were situated about one-half block apart. At intervals during the night the watchman was required to go from one to the other for inspections, which included the punching of several time clocks in each place. Such duties involved rendering services to each employer, separable and distinct as to time and place and inconsistent with any theory of simultaneous serving.

*Page Eng. Co.* v. *Industrial Comm.* (322 Ill. 60) bears a closer analogy to the instant case and the court's reasoning carries an appealing logic. Owners of adjacent properties employed claimant as a night watchman. Though sustaining injuries on the property of one of the employers, he obtained an award against both. In commenting upon the nature of the employment the court said, '' There was but one contract of employment, by which Alvord undertook to watch the property of both companies and to do certain other services on the property of each. He had two foremen from whom he received orders, each of whom told him his duties. He was paid the same amount by each company. The contract was more than a concurrent contract of service — it was a joint hiring. The representatives of the companies, acting together, jointly employed Alvord to serve them both each night. He was not employed to give a

definite part of his time to the service of each of them but he was employed to watch both properties all night every night, and wherever he was upon the property of either at any time of the night he was in the course of his joint employment by both employers. Any injury received by reason of such employment, whether on the property of one or the other of his employers, arose out of the joint employment."

The determination reached by the board is supported by substantial evidence of a joint hiring by these employers requiring claimant to render inseparable services to both.

The decision and award should be affirmed, with costs to respondents, Junction Homes, Inc., and Massachusetts Bonding and Insurance Company.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Decision and award affirmed, with costs to respondents, Junction Homes, Inc., and Massachusetts Bonding and Insurance Company.