Fuld, J.
Warren Hunt was employed as a night watchman by two companies, Regent Development Corporation and Butterly & Green, to guard their respective properties, located but a block or so apart. He .received wages of $30 a week from Regent and $50 a week from Butterly. While on one of his tours of duty, he was injured in a fight that occurred on the Butterly property. Although he spent most of his hours on those grounds, where a watchman’s shack stood, he was able to keep the nearby Regent premises under surveillance and, in addition, he physically toured this latter property several times a night.
Concededly, Hunt’s injuries were accidental and, concededly, they arose out of and in the course of his employment. The Workmen’s Compensation Board awarded him compensation, declaring that “ liability rests equally with both employers.” The Appellate Division affirmed and, on this appeal, no one disputes that Hunt is entitled to the compensation awarded. The contest is solely between the employers, Regent contending, first, that Butterly alone is liable since the accident occurred on its property and, second, that, if it is responsible along with Butterly, the award should be apportioned rather than divided equally between them.
Where two employers share an employee who is injured, in the course of his employment, on the property of one of them, it is only proper that they also share the compensation to be paid. Nice differentiations over borderline activities are completely out of place and, unless the employee’s duties to each are so separate and distinct in time or place that the employment is capable of identification as that of only one employer, both are to be held liable. (See, e.g., Matter of Stevens v. Hull Grummond & Co., 274 N. Y. 227; Matter of Cyrus v. Modart Constr. Co., 283 App. Div. 368; Page Eng. Co. v. Industrial Comm., 322 Ill. 60; see, also, 1 Larsen on Workmen’s Compensation Law [1952], § 48.50, pp. 721-722.) Without detailing again the facts which demonstrate that at no time was Hunt completely disengaged from performing the duties owed to each employer, it is enough to say that this is a case of joint employment and that each must contribute in paying the award.
We are brought, then, to the question of apportionment of liability. In cases where one employer pays higher wages than the other, to require them both to share equally in the award would always require the lower-paying employer to bear a *135 portion of the other’s compensation burden, and might on occasion result in one employer’s paying the claimant an amount of compensation out of all proportion to the wage which he had paid, indeed, a larger amount than the wage itself. It is both fair and logical, therefore, that both employers be liable for compensation to the claimant in proportion to the remuneration paid by each, and such, we note, has been the rule, not only in this state (see Matter of Stevens v. Hull Grummond & Co., supra, 274 N. Y. 227), but in the other jurisdictions which have had occasion to pass on the matter. (See Butler v. Industrial Comm., 50 Ariz. 516, 525; Press Pub. Co. v. Industrial Acc. Comm., 190 Cal. 114, 116; Wing v. Clark Equipment Co., 286 Mich. 343, 349-350; Schaefer & Co. v. Industrial Comm., 185 Wis. 317, 320; Note, 30 A. L. R. 1000, 1002; Note, 58 A. L. R. 1395, 1396; see, also, Riverside Mill Co. v. Parsons, 176 Tenn. 381, where apportionment is provided for by statute.) In the case before us, since Regent paid wages of $30 a week as compared with the $50 paid by Butterly, the award should be apportioned to reflect this ratio.
The order of the Appellate Division and the award of the Workmen’s Compensation Board should be modified and, as so modified, affirmed, with costs in this court and in the Appellate Division to Regent Development Corporation against Butterly & Green, and the matter remitted to the Workmen’s Compensation Board for further proceedings not inconsistent with this opinion.