BARBARA ANDERSON, PETITIONER-APPELLANT, v. WELL-BUILT HOMES OF CENTRAL JERSEY, INC., JOSEPH M. RACINA AGENCY, INC., AND JOSEPH M. RACINA, INDIVIDUALLY, RESPONDENTS-RESPONDENTS.

Middlesex County Court
Law Division

Decided July 29, 1960.

*Messrs. Clausen, Klein, Kovacs & Anderson,* attorneys for petitioner (*Mr. Paul E. Anderson,* of counsel).

*Mr. Isidor Kalisch,* attorney for respondent Well-Built Homes of Central Jersey, Inc.

THOMPSON, J. C. C. This is an appeal by petitioner Barbara Anderson from that portion of a judgment, entered in her favor in the New Jersey Department of Labor and Industry, Division of Workmen's Compensation, which apportioned liability against three employers in the proportion of ¼ to respondent Well-Built Homes of Central Jersey. Inc., ¼ to respondent Joseph M. Racina Agency, Inc., and ½ to respondent Joseph M. Racina individually. Petitioner contends that the above apportionment constituted error for the reason that the employers are jointly and severally liable to petitioner.

The respondent, Well-Built Homes of Central Jersey, Inc., is the only respondent contesting this appeal.

The facts relevant to the question for determination are not in dispute. Petitioner was a secretary in the employ of the three respondents, Well-Built Homes of Central Jersey, Inc., Joseph M. Racina, and Joseph M. Racina Agency, Inc. The office in which petitioner was employed by the three respondents was a model home, certain rooms of which had been converted for use as a business office. On June 6, 1958, the petitioner was injured when she went outside her place of employment to observe a truck moving out of the garage attached to the model home, in order to see that it cleared the overhead doors. At that moment the telephone bell rang and petitioner ran inside. She slipped on a loose piece of plastic lying on the floor just inside the door, sustaining the injury which forms the basis of this litigation. According to the bookkeeping records petitioner was paid a total salary of $60 per week—$30 from Joseph M. Racina, $15 from Joseph M. Racina Agency, Inc., and $15 from Well-Built Homes of Central Jersey, Inc. It appears that the varying payments from the respondents were a matter of bookkeeping convenience, for no particular time was allotted to each employer for secretarial work. The petitioner spent whatever time was required to perform the work for each respondent.

The following testimony of the petitioner, which is undisputed, indicates the nature of her relationship with the three employers:

On direct examination she testified—

"Q. Now, while employed during June of 1958, from whom did you obtain your orders as to what kind of work you would do? A. Joseph Racina.

Q. Did he give you orders as to all three employers? A. Yes. My time was intermingled at work. There was no specific time.

\* \* \*

Q. Did you do work for each of these three separate organizations? A. Yes, I did.

Q. Was there any special hours designated for one employer as opposed to another? A. No, there wasn't."

On examination by attorney for respondent Racina, she further testified:

"Q. Now, you say that from March, approximately, 1958, you were paid these three separate checks; is that so? A. I am not sure of the exact date. It was somewhere around February or March.

Q. Would it often happen, Mrs. Anderson, that when these checks were paid to you, they were taken to accounts wherein there was money sufficient to cover the checks? * * * A. I believe there were a few occasions where that did occur, but I am not too exact on it. * * *

Q. You say that your time was intermingled. In other words, you didn't work one whole day for one of the three or two days for one of the three? A. No. * * *

Q. Would there ever be occasions when you would be working simultaneously for either one, two or all three of these employers? A. You mean all three at the same time?

Q. Yes. A. There might have been, but I don't remember.

Q. Were there occasions in connection with the sale of a Well-Built shell when there would be more than Well-Built involved? It might be Racina Agency involved in that same transaction? A. There might be a sale of real estate of property to a prospective buyer of a shell, and there might be the sale of an insurance policy to the same customer. In that way, there could be three mixed together.

Q. All three might be intermingled and one set of correspondence you would be typing? A. I don't know if all would be mixed all in one with one letter or not.

Q. Not necessarily any one letter, but in one series of letters you would sit down to write? A. It is possible, yes. * * *

Q. Did you distinguish between Mr. Racina when he would give you instructions as to whether or not he was wearing the hat of Mr. Racina, individually, or Mr. Racina as President of any of these other corporations? A. No.

Q. You made no distinction? A. No. * * *"

█ It is clear to the court that the petitioner was in the joint employ of the three respondents at the time of the accident. There was an intermingling of her time devoted to the three employers, and no allocation of duties by each employer. An activity would on occasions involve one, or both, or all three employers' work. No distinction of duties was defined. It therefore is the opinion of this court that the three respondents are jointly and severally liable to the

petitioner, and that the deputy director improperly apportioned liability.

That joint employers are jointly and severally liable to an employee injured in the course of joint employment is implied in *New Amsterdam Casualty Co. v. Popovich,* 18 *N. J.* 218 (1955). In that case the petitioner recovered against two employers in the Workmen's Compensation Division. A judgment was then recovered in the full amount against one employer who brought suit in Superior Court for contribution from the other employer.

■ The measure of liability must be the total weekly wages received from the three employers. *Cser v. Silverman,* 46 *N. J. Super.* 599 (*Cty. Ct.* 1957), affirmed 50 *N. J. Super.* 125 (*App. Div.* 1958); *Knight v. Cohen,* 56 *N. J. Super.* 516 (*App. Div.* 1959), affirmed 32 *N. J.* 497 (1960); *Scott v. Public Service Interstate Transport Co.,* 6 *N. J. Super.* 226 (*App. Div.* 1950). In the *Knight* case, *supra,* the court said, approving the *Cser* case, *supra,*

"The legal principle of Cser, *supra,* is that in a compensation case where there is a finding of joint employment, the award is to be measured by the total wages paid by the joint employers and is to be assessed against both of them."

■ The phraseology noted above is similar to that used to describe joint liability against joint tortfeasors in suits at common law. The same underlying policy of the "joint and several" rule at common law is served in workmen's compensation cases by granting some protection to the injured workman from the possibility of insolvent judgment debtors. Every employer bears full responsibility for the injuries of his employees in the course of employment, no matter what arrangements the employer enters into with any other employers for the joint employment of the employee. Of course, the usual rules for contribution apply to joint employers. See *New Amsterdam Casualty Co. v. Popovich, supra.*

The respondent-appellee cites a New York case, *Hunt v. Regent Development Corp.*, 3 *N. Y. 2d* 133, 164 *N. Y. S. 2d* 694, 143 *N. E. 2d* 892 (*Ct. App.* 1957), as authority for apportionment of liability according to wages paid by various joint employers. The court looks with favor upon the dissenting opinion in that case which contends that apportionment should be decided on the facts presented in each case. While it may be that some forms of joint employment warrant apportionment, the facts in the case at bar do not justify such apportionment of liability. Here there is no basis for determining the proportion of services rendered to each employer. The wages paid by each employer do not appear, from a review of the record, to be based on services rendered.

■■ Respondent contends that the petitioner may not now raise the question of apportionment of liability for the reason that the petitioner did not object to the apportionment at the hearing on temporary disability, but first challenged apportionment at the hearing on permanent disability. Respondent argues that the judgment of apportionment at the hearing on temporary disability is *res judicata* as to the question of apportionment and may not be raised before the County Court. The doctrine of *res judicata* does not apply to this appeal from the Workmen's Compensation Division for the reason that the County Court has the duty upon review of a single case to make independent findings of fact and law. *Dunay v. International Smelting and Refining Co.*, 60 *N. J. Super.* 546 (*Cty. Ct.* 1960). The County Court must apply the law as it finds it without regard to findings of law below. Both the hearings on temporary and permanent disability are part of one case which must be considered as a whole on appeal to the County Court. See *Barry v. Wilck*, 61 *N. J. Super.* 299 (*Cty. Ct.* 1960).

For the reasons herein assigned, the judgment of the Workmen's Compensation Division shall be modified to provide that all three respondents are jointly and severally liable to the petitioner. A form of judgment may be presented.