■ In the Matter of the Claim of GEORGE KOCH, Respondent, v. HORSESHOE STABLES et al., Appellants, and PARK SHORE COUNTY DAY CAMP et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by one of the employers and its carrier from a decision of the Workmen's Compensation Board dividing the award equally. The sole question is the apportionment of the award. Claimant was hired both to instruct campers in riding for respondent Park Shore County Day Camp and at the same time take care of appellant's horses which were rented to the Day Camp. For these services he was paid $75 a week by appellant who carried him as his employee. The record, however, unquestionably reveals that of this amount $60 a week was contributed towards claimant's salary by the Day Camp and the remaining $15 by appellant, and the board itself has expressly so found. Under these circumstances the award should have been apportioned to reflect this ratio in accordance with the rule enunciated in *Matter of Hunt* v. *Regent Development Corp.* (3 N Y 2d 133, 134–135). There the Court of Appeals stated: "In cases where one employer pays higher wages than the other, to require them both to share equally in the award would always require the lower-paying employer to bear a portion of the other's compensation burden, and might on occasion result in one employer's paying the claimant an amount of compensation out of all proportion to the wage which he had paid, indeed, a larger amount than the wage itself. It is both fair and logical, therefore, that both employers be liable for compensation to the claimant in proportion to the remuneration paid by each, and such, we note, has been the rule, not only in this State (see *Matter of Stevens* v. *Hull Grummond & Co., supra*, 274 N. Y. 227) but in the other jurisdictions which have had occasion to pass on the matter. (See *Butler* v. *Industrial Comm.*, 50 Ariz. 516, 525; *Press Pub. Co.* v. *Industrial Acc. Comm.*, 190 Cal. 114, 116;

*Wing* v. *Clark Equipment Co.*, 286 Mich. 343, 349–350; *Schaefer & Co.* v. *Industrial Comm.*, 185 Wis. 317, 320; Note, 30 A. L. R. 1000, 1002; Note, 58 A. L. R. 1395, 1396; see, also, *Riverside Mill Co.* v. *Parsons*, 176 Tenn. 381, where apportionment is provided for by statute.) In the case before us, since Regent paid wages of $30 a week as compared with the $50 paid by Butterly, the award should be apportioned to reflect this ratio." *Matter of Berkman* v. *Billig Mfg. Co.* (9 A D 2d 810) does not sanction a different approach. Decision reversed, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellants against respondent Park Shore County Day Camp. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.